NEW YORK,
May, 1835.

Eddy
v.
Smith.

---

## EDDY vs. SMITH.

The same principle which allows a *plaintiff* in the action of assumpsit to recover what *ex æquo et bono* he is entitled to, operates in favor of a *defendant* when called on for the payment of money ; if he can show the better equity, he will be permitted to retain the money.  Thus, where the purchaser of an equity of redemption demanded from a mortgagee the *surplus* remaining in his hands, after satisfying the mortgage and the expenses of a sale, and the mortgagee showed that *subsequent* to the mortgage, he obtained a judgment against the mortgagor, which was a lien upon the land at the time of the transfer of the equity of redemption, to an amount equal to the surplus, *it was held*, in an action of assumpsit by the purchaser against the mortgagee, that he was *not entitled to recover* such surplus.

ERROR from the mayor's court of the city of Troy.  Eddy brought an action of *assumpsit* against Smith, and claimed to recover, upon the following state of facts.  Smith held a *mortgage* upon certain lots in the city of Troy, executed to him by one *Shears*, bearing date 8th May, 1827, conditioned for the payment of $250, and on the 28th June, 1828, recovered a judgment against Shears, on another account, for the sum of $88,$\frac{4}{100}$, which was a *lien* upon the mortgaged premises. Smith foreclosed the mortgage by statute advertisement, and

on the 14th July, 1829, sold the mortgaged premises to one NEW YORK
Jared Hoyt, for the sum of $423, which was $88,04 more May. 1835.
than the *principal* and *interest* of the mortgage and the costs
and charges of the sale. On the day of the sale, but *previous*
*thereto*, Shears, the mortgagor, for a valuable consideration,
sold and conveyed all his right and interest in the mortgaged
premises to *Eddy*, and the conveyance was duly recorded.
Notice of the sale was given to *Smith* immediately after the
sale, and the ballance of the purchase money, after satisfying
the principal and interest and the charges of the sale, was de-
manded by Eddy, who was a *bona fide* purchaser, and did
not hold the conveyance as the trustee of Shears, or of any oth-
er person. The recorder nonsuited the plaintiff, who sued
out a writ of error.

Eddy
v.
Smith.

*S. Stevens*, for the plaintiff in error.

*D. D. Barnard*, for the defendant in error.

*By the Court*, NELSON, J. The deed from Shears to the
plaintiff below conveyed to the plaintiff the premises convey-
ed by the mortgage, subject to that incumbrance and the lien
of the judgment. These discharged, his title became perfect ;
but they must be first satisfied out of the land or otherwise.
The defendant might have levied the amount of his judgment,
and afterwards foreclosed his mortgage, the purchaser under
the judgment holding subject to that prior incumbrance. In-
stead of pursuing that course, he enforced the latter lien, and
the purchaser took the title clear of the judgment, and now
the assignees of the mortgagor supposes himself entitled to the
surplus money. The equity of the case is palpable ; the only
question is as to the law.

The above exposition shows that the action is well brought
in the name of the plaintiff. At the time of the sale, and
when the money was received by the defendant, all the inter-
est in the land, over and above satisfying the mortgage, (the
judgment out of the case) was invested in him. It was, there-

fore, his money raised out of his property. The right to the money is not derived from any implied contract contained in the mortgage, which in this state is deemed a mere security for the debt, but upon the fact that he was lawfully possessed of the title and ownership of the premises. The mortgage being but security for the debt, all over it belonged to the owner of the fund out of which it was raised. The case of *Coates* v. *Stewart*, 19 *Johns. R.* 298, is an authority on this point. There the plaintiff sustained the action on the ground that he was the assignee by operation of law, i. e., a purchaser under a judgment execution. Here the plaintiff is an assignee, by the act of the party, by deed. In neither case was it an assignment of the surplus monies, because none existed till afterwards raised out of the estate which had passed by the assignment.

The material question in the case is, whether the defence is good at law ? The principles of this action are liberal, beyond that of any other known to the practice of the courts. "It lies," says Mr. J. Blackstone, "when one has received money belonging to another, without any valuable consideration given on the receiver's part; for the law construes this to be money had and received for the use of the owner only, and implies that the person so receiving, promised and undertook to account for it to the true proprietor." And it is applicable to almost every case where a person has received money, which, in equity and good conscience, he ought to refund. The action is equally beneficial to the defendant, because the *defence to the claim*, as well as the claim itself, is governed by the above principles. Lord Mansfield has said, in *Moses* v. *Macferland*, 2 *Burr.* 1010, " It is the most favorable way in which he can be sued; he can be liable no further than the money he has received ; and against that may go into every equitable defence upon the general issue ; he may claim every equitable allowance, &c. ; in short, he may defend himself by every thing, which shows that the plaintiff *ex æquo et bono* is not entitled to the whole of his demand, or any part of it." These principles have, ever since their development, been recognized as sound, both in England and here, and are of

daily application. 2 *Comyn on Contr.* 1. 4 *Johns. R.* 249. 1 *Wendell*, 360. They are, in my judgment, conclusive in favor of the defence, and dispense with the trouble and expense of a resort to another forum.

Judgment affirmed.