### HILLYER v. BENNETT and another.

Where a party, on arriving at age, claims the restoration of property parted with while a minor, he must restore, on his part, what he may have received ; asking for equity he must do equity.

BILL filed to set aside an assignment and for an account, relating to matters which took place during the alleged infancy of the complainant.

The bill stated that, on or about the third day of September one thousand eight hundred and thirty-three, the complainant entered into a co-partnership, in mercantile business in New-York, with one James H. Kinsley ; and that they opened a dry goods store at No. 440 Pearl street. That the complainant, during the continuance of such co-partnership, put in, towards the capital stock, the sum of eight hundred dollars, and James

1838.

HILLYER
v.
BENNETT.

H. Kinsley furnished, towards it, five hundred dollars; and the profits were to be divided equally between the partners. Also that the complainant and Kinsley continued in the business until the second day of December one thousand eight hundred and thirty-three, when they agreed to dissolve partnership ; and they, thereupon, executed articles of dissolution, whereby Hillyer (the complainant) agreed to assume all the debts, while the stock and property of the concern were to be his own ; and, in consideration of this, Hillyer gave Kinsley a promissory note, payable six months after date, for three hundred eighty-two dollars—the note being executed jointly by the former and the defendant, Ebenezer G. Bennett. The bill also stated that, before the dissolution with Kinsley, the complainant made an agreement with Ebenezer G. Bennett to enter into partnership with him ; that, at the time of executing articles of such co-partnership, the complainant was a minor and inexperienced in business and did not understand that it was necessary to set forth the entire condition of the partnership and that a material part was omitted, to wit, that the said Ebenezer G. Bennett should bring into the partnership, within a few months thereafter, the sum of five hundred dollars and that after the bringing in of the said sum of five hundred dollars, the said stock was to belong equally between the parties, but that until such sum should be brought in the capital was to belong exclusively to the complainant, but the profits arising out of the concern should be equally divided ; that the complainant and Bennett proceeded in the business ; and the latter brought in to the stock the sum of five hundred dollars, which was deposited in bank to the credit of the firm. That the complainant and Ebenezer G. Bennett bought goods on credit for their joint concern ; and paid some of the debts of the old firm of Kinsley and Hillyer, but the amount paid was not equal to the value of the stock brought into the concern by the complainant. That the amount of the stock of Kinsley and Hillyer was about three thousand dollars and their debts were two thousand one hundred dollars ; that the complainant and Ebenezer G. Bennett gave to Kinsley their joint note for three hundred and eighty-two dollars and eighty-five cents at six months, but the note had not been paid. That by reason of frauds practiced by Kinsley on Hillyer and Ebenezer G. Ben-

nett he was entitled to nothing on that note; that Hillyer & Bennett failed, having three hundred dollars cash in hand; and that, of this sum, the complainant had one hundred dollars, Ebenezer G. Bennett another hundred and John C. Bennett the remaining one hundred dollars; and by certain articles of dissolution (set forth in the bill) their effects were assigned to the defendant John C. Bennett, who was the father of the other defendant Ebenezer G. Bennett, in trust, in the first place, to pay him five hundred dollars, being the same five hundred dollars which was brought into the concern by the said Ebenezer G. Bennett, and then, in trust, to divide the residue between the complainant and Ebenezer G. Bennett; and that these articles were executed while this complainant was a minor. The bill sought to set aside the assignment, and asked for an account.

The defendants answered separately, putting the point of the complainant's minority at issue.

The cause came before the court on pleadings and proofs.

THE VICE-CHANCELLOR:—The object of the bill in this case is, not to settle the partnership accounts between the complainant and E. G. Bennett, nor to call J. C. Bennett to an account for the surplus of the assigned property under the assignment which the partners executed to J. C. Bennett to secure him against the five hundred dollar note, but, to set aside the assignment and to have the goods restored to the complainant, on the ground of his nonage, as well during the co-partnership as at the time of the assignment; and on the further ground that the note of five hundred dollars, which the assignment was made to secure, was not a debt of the firm or partnership, but was given to raise money for E. G. Bennett for and towards his portion of capital; and which money was accordingly brought into the concern by him as capital and, hence, became his individual debt as between him and his father J. C. Bennett.

With respect to this latter ground, it is clearly not sustained by the facts of the case. E. G. Bennett was not to bring in five hundred dollars cash capital. The articles of co-partnership exclude the idea; and the allegation of the bill that it was a part of the agreement and was omitted in the articles, is expressly denied and is not supported by proof. The parties stood upon an equal footing in respect to capital, when E. G.

Bennett became jointly responsible with complainant in buying out Kinsley's interest in the former partnership and assuming one half of the debts of the firm of Kinsley & Hillyer. He, thereby, became owner of one half of the goods and outstanding debts of that firm, which constituted the stock in trade of the new partnership. The making of the note, therefore, to raise five hundred dollars for the use of the firm of Bennett & Hillyer, may well be considered as a debt contracted by the firm and not as a further advance of capital which E. G. Bennett was bound to make; and it affords a just, equitable and valuable consideration for the assignment which the parties afterwards made to J. C. Bennett, the endorser of the note. Hence, on this ground, the complainant is not entitled to the relief which his bill seeks.

Then, with respect to his nonage : the complainant's counsel is mistaken in saying that the acts and deeds of an infant are void in law. They are not void, but voidable only, at his election : *Roof* v. *Stafford,* 7 Cowen, 179; S. C. in Error, 9 Cowen, 626; *Eagle Fire Company* v. *Lent,* 1 Edwards' V. C. Rep. 361; *Merchants Fire Insurance Company* v. *Grant,* 2 Ib. 544. If a party is sued at law or in equity, he may plead or set up his infancy in bar, and thus avoid his contract, for he then makes his election to do so. So, it seems, in regard to personal property which he has agreed to sell and deliver, he may, under certain circumstances, disaffirm the contract and bring trover to recover it back : *Stafford* v. *Root,* supra. But if, after he comes of age, he seeks to disaffirm and avoid his contract in a court of equity and files his bill there for the purpose of obtaining its aid, in restoring to himself the possession of the property he has parted with, a court of equity must deal with him as it would with any other adult party and require him to do equity before he shall have equity done unto him. He must restore what he received when he parted with the property which he seeks to get back ; especially, if it appears that the other dealt with him in ignorance of the fact of his nonage. This equitable and just principle is recognized by Woodworth J.: 7 Cowen, 183, and is warranted by several cases there cited.

The complainant is not entitled to have the assignment set aside and cancelled, without submitting to pay and offering to

pay the note or, at least, one half of it; and, as he has not offered to do this, the court will not interfere with the assignment and the legal rights of the defendant J. C. Bennett under it.

As this bill is not filed for the purpose of an account of this surplus and would seem, indeed, to be prematurely filed for that purpose, I am of opinion it must be dismissed, with costs; but without prejudice to the rights of the complainant, at any time hereafter, to call the defendant to an account in relation to the surplus proceeds of the goods assigned, after paying the note.