HENRY P. GREEN, APPELLANT, *v.* WILLIAM H. GREEN, RESPONDENT.

*Infancy — right of infants to avoid contracts — Guardian and ward — contracts between.*

An infant cannot properly bind himself to his prejudice; but whenever the act done may be for his benefit it will not be void, but he has an election, when he comes of age, to affirm or avoid it. Mere acquiescence, without acts, does not amount to an affirmance.

Where the infant has consumed the consideration given him for his deed of certain land, restitution of the amount cannot be required as a condition of his disaffirmance of his conveyance. (Per GILBERT, J.)

It is illegal for a guardian to purchase land of his ward and pay him the consideration; and restitution of money so paid should not be required when the infant on coming of age seeks a disaffirmance of his contract.

THIS is an appeal from a judgment, in favor of the defendant, in an action for trespass. The plaintiff is the father of the defendant.

On the 8th day of March, 1866, the defendant, in consideration of the sum of $400 in money paid to him by the plaintiff, executed and delivered to the plaintiff a deed of the premises upon which the alleged trespass was committed.

The defendant became twenty-one years of age on the 26th day of April, 1869.

The defendant removed to Michigan soon after such conveyance, and before he became of the age of twenty-one years had spent, used up, wasted and lost the $400 paid him by his father, the plaintiff, and had no means or property whatever.

The defendant returned in 1869 or 1870, and about May 1st, 1873, entered upon the premises conveyed as aforesaid, and then and there demanded of the plaintiff the possession thereof, and gave notice that he would not be bound by the deed he had given, and publicly proclaimed his re-entry and disaffirmance and avoidance of his said deed given during infancy.

The plaintiff, thereupon, brought this action for the acts aforesaid, alleging them to be trespasses.

*James Noxon,* for the appellant. A parol avoidance of a deed has no effect to restore the title. (1 Am. Lead. Cas., 320, 321; 5

Humph. [Tenn.], 70; 15 Mass., 359; 1 N. H., 73; 7 Cow., 179; 6 N. H., 337; 5 Miss., 224; 8 Texas, 398.) In asking equity he must do equity. (2 Kent [11th ed.], 241; 1 Pars. Con., 268; *Bartholomew* v. *Finnemore*, 17 Barb., 430, and cases cited; *Roof* v. *Stafford*, 7 Cow., 182.) Same rule as to real estate. (*Hillyer* v. *Bennett*, 3 Edw. Ch., 239; *Kitchen* v. *Lee*, 11 Paige, 107; 1 Am. Lead. Cas., 320.) When an infant becomes of age and goes into a Court of Chancery to set aside his conveyance he must offer, in his bill, to return the purchase money. (1 Gray, 455; 6 Foster, 280; 41 N. H., 346, 353; *Lynde* v. *Budd*, 2 Paige, 193; *Badger* v. *Phinney*, 15 Mass., 359; 54 Barb., 554; *Maltby* v. *Harwood*, 12 Barb., 480.) The same rule applies when an infant makes a purchase as when he sells. (*Henry* v. *Root*, 33 N. Y., 553; *Gray* v. *Lessington*, 2 Bosw., 263; *Medbury* v. *Watrous*, 7 Hill, 111.)

*Frank Hiscock*, for the respondent. A deed made during infancy may be avoided by the infant after coming of age, at any time within the term of twenty years limited by statute, by entry and demand of possession of the premises conveyed, or notice that he would not be bound by his former deed. (*Bool* v. *Mix*, 17 Wend., 119–134; *Voorhees* v. *Voorhees*, 24 Barb., 151; 1 Wash. on Real Prop. [3d ed.], 401; 1 Pars. on Con. [6th ed.], 322; *Jackson* v. *Carpenter*, 11 Johns., 540; *Jackson* v. *Burchin*, 14 id., 124; *Sherman* v. *Garfield*, 1 Denio, 329.) Mere acquiescence or failure to disaffirm does not affirm the conveyance (1 Pars. on Con. [6th ed.], 325; *Voorhees* v. *Voorhees*, 24 Barb., 151–153), and disaffirmance must be pleaded. (*Bool* v. *Mix*, 19 Wend., 119, 132; *Voorhees* v. *Voorhees*, 24 Barb., 150; Moak's Van Santvoord's Plead., 564.) Whether the infant is bound to restore the consideration, received on conveyance of his lands, depends upon his having that consideration in his possession, or within his control upon coming of age. (Tyler on Infancy, § 37, p. 77; *Jenkins* v. *Jenkins*, 12 Iowa, 195–199; *Boody* v. *McKenney*, 23 Maine, 525; *Fitts* v. *Hall*, 9 N. H., 446; *Mustard* v. *Wohlford*, 15 Grat., 329–340; 1 Pars. on Con. [6th ed.], 321; *Browner* v. *Franklin*, 4 Gills, 463–470; *Pitcher* v. *Laycock*, 7 Ind., 398–403; *Price* v. *Furman*, 1 Wms. [Vt.], 268–271; *Manning* v. *Johnson*, 26 Ala., 451.) By 1 Revised Statutes (Edm. ed.), 667, the father is the guardian of

an infant and a conveyance between them is void. (2 R. S. [Edm. ed.], 159; *White* v. *Parker*, 8 Barb., 48; *Thomas* v. *Bennet*, 56 id., 197; *Hassard* v. *Rowe*, 11 id., 22.)

GILBERT, J.:

The plaintiff has brought this action against his son, to recover damages for trespasses alleged to have been committed by the latter, upon land conveyed by him while an infant to his father. The trespasses alleged consist of acts done after the infant became of age, in making a formal entry upon the land for the purpose of disaffirming his conveyance thereof to the plaintiff. The court below we think properly gave judgment for the defendant. An infant cannot properly bind himself to his prejudice, but whenever the act done may be for his benefit, it will not be void, but he has an election when he comes of age to affirm or avoid it. (2 Kent Com., 233, *et seq.*, and cases cited.) Mere acquiescence, without acts, does not amount to an affirmance. Many cases hold that the infant's right of entry continues until barred by the statute of limitations. (*Drake* v. *Ramsay*, 8 Ohio, 151; *Prout* v. *Miley*, 28 Mich., 164; *Irvine* v. *Irvine*, 9 Wall., 627; *Voorhies* v. *Voorhies*, 24 Barb., 153.) Other cases hold that the lapse of a shorter period of time, taken in connection with other circumstances, may amount to an affirmance by way of estoppel. In this case the infant came of age on the 2d of April, 1869. On the 1st of May, 1873, he entered upon the land. Meantime nothing more than silent acquiescence on his part in his father's possession was shown. I can find no case which holds that such conduct alone bars a right of entry. On the contrary in *Jackson* v. *Burchin* (14 J. R., 124), eleven years, and in *Jackson* v. *Carpenter* (11 id., 539), twelve years were held insufficient for that purpose. We must therefore hold, that there was no affirmance of the deed by the infant in this case.

It is insisted on behalf of the plaintiff, however, that the infant could not disaffirm his deed without restoring the consideration which he received therefor. If such consideration or any part of it still remained in the hands of the defendant, we think that argument might deserve attention. But it appears that such consideration was received by the infant in money, and that he had wasted the whole of it before he arrived at full age. The court below

found those facts, and also found that he possessed no part of the said money, and no property whatever except the land conveyed to the plaintiff. The defendant is, therefore, entitled to disaffirm without restoring or offering to restore the consideration received by him. (*Mustard* v. *Wohlfard's Heirs*, 15 Grat., 329; *Price* v. *Furman*, 27 Vt., 268; *Bartlett* v. *Drake*, 100 Mass., 176; *Walsh* v. *Young*, 110 id., 399; *Gibson* v. *Soper*, 6 Gray, 282.) The principle on which this exception to the general rule governing the rescission of contracts rests is, that the incapacity of the infant is his shield. It holds the adult to the bargain which the infant may avoid, and affords protection to the infant by avoiding his deed, if after becoming of age he elects that it shall be avoided. If restitution should be required after the infant had squandered the consideration which he received, it is obvious that the policy of the law in respect to infants would in many cases be defeated. Such a rule would enable an adult to strip an infant of his estate without incurring any risk, and the necessary tendency of it would be to withdraw the protection of the law alluded to from infants, and transfer it to adults who had impoverished them.

The taking of the deed by the plaintiff from his son was in violation of his duty toward him. He was his son's guardian, and, as such, had the control and management of his son's personal estate, and of the rents and profits of his real estate, and was charged with the liabilities of a guardian in socage. (1 R. S., 718, § 5; 2 id., 153, § 20.) He was, therefore, liable for any loss suffered by him. Purchasing of his ward and paying him the consideration of the purchase were illegal acts. The loss of the money which he so paid is attributable to his own misconduct. On this ground, if on no other, restitution should not be required.

The judgment must be affirmed.

MULLIN, P. J., did not concur with GILBERT, J., in holding that an infant is not bound to restore the purchase money of land sold by him in order to entitle him to rescind the conveyance. He, however, does concur in holding that the acts of the father in taking the deed and paying the money were a breach of duty, and the infant is not bound to repay the purchase money received by him.

E. DARWIN SMITH, J. (dissenting):

The contracts of an infant are not void, but voidable at his election on his arrival at full age. If he would rescind his executed contract on coming of age, on the ground of infancy, he must restore the consideration received by him. (2 Kent, 241; 1 American Leading Cases [Hare & Wallace ed.], 318; Tyler on Infancy, 78, § 58, and the cases there cited; *Roof* v. *Stafford*, 7 Cowen, 182.) The rescission of the contract is not complete till the consideration is restored. The acts in revocation of the contract, otherwise effectual for that purpose, are merely provisional, sufficient, perhaps, to convert the grantee from an infant into a trustee or mortgagee in possession, until such consideration is fully paid. Such is the equitable rule, I think, which should be applied in such cases, not only where the court is applied to, to give effect to the demand or claim of the infant for its aid, as in *Hillers* v. *Bennett* (3 Edw. Ch., 222), or when applied to to restrain the unjust claim of the infant, to enforce a rescission at law without the restoration of the consideration.

But it is found in this case, by the learned judge who tried this cause at Special Term, that prior to the defendant's obtaining his majority he had wasted or otherwise ceased to possess the sum of $400 by him received as the purchase-price of said premises; and at the time of his attaining such majority was possessed of no part of said purchase-price, and was possessed of no property, except said land, and upon this ground the decision was put that the defendant could disaffirm such deed without repayment of the consideration. To this conclusion I cannot assent. It seems to me that it converts this claim of infancy to annul all contracts into a weapon of offense and an engine of fraud, instead of being a shield against imposture and wrong. This proposition is so asserted in Tyler on Infancy (p. 70, § 37), but no authority or adjudged case is cited in its support, but *dicta* to that effect are contained in several cases in other States. In the American Leading Cases (vol. 1, 319, Hare & Wallace ed.), some cases are cited in support of it, in respect to the sale and exchange of personal property by or with infants, to the effect that if, during infancy, the property is wasted, sold or deteriorated, those acts done or allowed during infancy cannot be a conversion of the property, so that upon demand therefor and a refusal; after

a rescission by the infant, trover would lie against him ; but it is not there held that the inability for such reason to restore the property in its state at the time of the sale or exchange, or its equivalent, would not defeat the claim, on the part of the infant, to rescind the contract.

This was, in effect, held in *Bartholmew* v. *Finnemore* (17 Barb., 428), and many cases cited, to show that the infant in such case must restore the consideration or its equivalent, and no judge of any court in this State has held to the contrary, or in conformity with the decision at Special Term, in any case to which we have been referred, or which I have been able to find.

The rule is universally stated in the cases in our courts in the unqualified terms used in 2 Kent (*supra*), that the infant can only rescind on the repayment of the purchase money. The doctrine that the infant may rescind without restoring the consideration, it seems to me is repugnant to every sound principle of law, justice and equity, and particularly adapted to provoke and reward extravagance, prodigality and rascality in young men approaching their majority. Infancy and fraud, in respect to the right of rescission of the contract, stand, or should stand, I think, substantially upon the same ground. The party seeking to rescind for infancy or fraud should act with reasonable promptness, and restore the other party to the same condition he was in when the contract was made.

I cannot agree with my brethren in the opinion that the acts of the plaintiff, in taking the deed and paying the money to his son, was such misconduct or violation of duty on the part of the father to his son, as to discharge the infant son from the obligation to repay such money. For fraud, deception, or imposition practiced on his son the father, like all other guardians or parties, is liable in equity to restore the property received or purchased by him. But the rule is universal in cases of fraud, that the party seeking to avoid the contract must restore the consideration received. But the infant may revoke his contract, without showing fraud or deception, simply on the ground of infancy.

The consideration in respect to the misconduct of the father, in purchasing the property of his son, has nothing to do, as I conceive, with the question whether the latter may rescind without

payment of the purchase-price received by him, when he has wasted the same before he comes to rescind.

That consideration relates solely to the question of fraud or imposition, practiced by the father or guardian in his intercourse with his ward, in making a contract with him.

It does not appear that the consideration paid by the plaintiff for the land was not fully adequate and all that the same was worth; or that any advantage was taken by him to overreach the defendant. The latter had just married a wife, most probably without the knowledge or approval of his father; and being thus charged with the responsibility for her support, wished to go west and set up for himself, and where he doubtless supposed with his and his wife's industry, labor and care, they could support a family. The plaintiff acquiesced in the wishes of his son in this respect, paid him $400 for his little lot of land and relinquished his right to the labor and services of his son till his majority.

In nothing shown in the evidence does the plaintiff appear to have been a hard, unjust or unkind father, and there is nothing shown in the evidence, to justify any reproach upon him in this connection or to change the legal rights of the parties.

The judgment should be reversed and a new trial granted.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Judgment affirmed.