**MYERS v. HURLEY MOTOR CO., Inc.**

(Court of Appeals of District of Columbia. Submitted February 10, 1925. Decided March 7, 1927.)

No. 4152.

1. **Infants** ⊙═>56—Infant's misrepresentations concerning his age did not estop him from maintaining action to recover payments under conditional sales contract.

Infant's misrepresentations as to his correct age at time of purchasing automobile under conditional sales contract held not to estop him, after attaining his majority, from maintaining an action to recover amounts paid.

2. **Set-off and counterclaim** ⊙═>59—Seller of car to infant, who misrepresented his age, may, in infant's action to rescind, set off claim for repairs only to extent of infant's claim.

Where infant misrepresented his age at time of purchasing automobile under conditional sales contract, seller, in action by infant after attaining his majority to recover amounts paid, was entitled to set off claim for damage to car only to extent of infant's claim.

In Error to the Municipal Court of the District of Columbia.

Action by Clarence H. Myers against the Hurley Motor Company, Inc. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

G. P. Lemm, of Washington, D. C., for plaintiff in error.

R. J. Whiteford and Sefton Darr, both of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This case is here in error to the Municipal Court of the District of Columbia.

[1, 2] It appears that the plaintiff in error, plaintiff below, Clarence H. Myers, contracted with the defendant for a Hudson touring car at the price of $650, on which he turned in as a cash payment a Ford touring car at the price of $250. The deferred payments were to be made upon terms set out in a con-

ditional sales contract. Payments were made on the contract to the amount of $156.12, making a total payment on the contract of $406.12.

When the contract was made, on the 28th day of April, 1923, plaintiff was a minor of the age of 20 years. He, however, represented himself to defendant company as of the age of 24 years, and that he was engaged in the hacking business in the District of Columbia. On October 3, 1923, plaintiff being in default of his payments, defendant repossessed itself of the Hudson car under the terms of the contract. On October 21, 1923, plaintiff attained the age of 21 years and promptly disaffirmed his contract, demanding a return of the $406.12, the amount paid on the contract. On defendant's refusal to comply with plaintiff's request, the present suit was brought.

Defendant set up a counterclaim, supported by a bill of particulars, in the amount of $525.96, for repairs and expenses incurred in placing the Hudson car in as good condition as it was in when sold to plaintiff. The court below gave judgment for defendant on the plea of set-off for the full amount claimed, $525.96, from which the case comes here on writ of error.

This court certified to the Supreme Court of the United States two questions, as follows:

"(1) Is the plaintiff, by reason of the misrepresentations as to his correct age, estopped from maintaining an action to recover the amount paid under the conditional sales contract upon the purchase price of the Hudson car?

"(2) If the plaintiff is not so estopped, may defendant, by way of affirmative defense against plaintiff's claim, set off the amount paid for the repair of the damaged Hudson car, or so much thereof as will equal plaintiff's claim?"

The Supreme Court answered these questions in an opinion of January 3, 1927 (Myers v. Hurley Motor Co., Inc., 273 U. S. 18, 47 S. Ct. 277, 71 L. Ed. ——), in which it was held that plaintiff was not estopped, by reason of misrepresentations as to his correct age, from maintaining an action to recover the amount paid on the contract. The court, however, held that defendant was entitled to set off the amount paid for repair of the damaged car up to the amount of plaintiff's claim, but not in excess thereof.

Inasmuch as no affirmative judgment for recovery of the excess could be had on the contract of the infant plaintiff, it results that judgment should be entered in the court below for the defendant, without recovery for the excess of the set-off over and above plaintiff's claim.

The judgment is reversed, with costs, and the cause is remanded for further proceedings not inconsistent with this opinion.