## CECIL WOOD v. IMPERIAL MOTOR COMPANY.

Middle Section. June 24, 1927.

Petition for Certiorari denied by Supreme Court, December 17, 1927.

1. **Pleading. Motions in arrest of judgment must be based on ground of error appearing on the face of the record.**
   Motions in arrest of judgment must be based on grounds of error appearing on the face of the record, and should come from the defendant, except in cases of set-off and counterclaim. If the pleas of the defendant be insufficient in jury cases, and the verdict is against the plaintiff, the remedy of the plaintiff is not in arrest, but should be raised on motion for a judgment notwithstanding the verdict.

2. **Infants. Infant is liable in tort for deceit in misrepresenting his age.**
   There is considerable authority that an infant is not liable in tort for deceit in misrepresenting his age, but the sounder view, however, is that he is liable.

3. **Infants. Infant making positive, wilful, fraudulent representation of his age is estopped to deny his contract.**
   The rule in Tennessee is that it takes more than mere silence or passive acquiescence on the part of the infant to estop him, but where he makes willful and fraudulent representations as to his age, and is guilty of actual and positive fraud, upon which the defendant in good faith relied to his injury, then he should be estopped.

Appeal in Error from Circuit Court, of Davidson County; Hon. A. B. Neil, Judge.

Affirmed.

David Himmelstein, and John L. Draper, of Nashville, for plaintiff in error, Wood.

M. P. O'Connor, of Nashville, for defendant in error, Motor Company.

CROWNOVER, J.    This was an action to recover $260, the amount paid by plaintiff in error on the purchase price of an automobile. The defendant pleaded non assumpsit and estoppel arising from the facts.

The action originated before a Justice of the Peace and was appealed to the circuit court where it was tried by the judge without a jury, and resulted in a judgment for the defendant and the suit was dismissed.

The plaintiff on July 22, 1924 purchased a Ford automobile from the defendant and traded in his old car at a valuation of $100, and executed title retention notes for the balance of the consideration. Thereafter the defendant below negotiated these notes to the Carter Acceptance Company, the plaintiff paid $160 on the same; but defaulted in payment on some of the installments, and the Carter Acceptance Company replevined the automobile and the same was sold in satisfaction of the title retention notes.

Thereafter the plaintiff brought this suit to recover the $260 paid on said automobile, averring that he was an infant at the time he purchased the automobile. The defendant pleaded non assumpsit and estoppel on the ground that plaintiff had fraudulently represented that he was over twenty-one years of age at the time he purchased the car. The proof showed that the defendant was a minor at the time of the purchase. He was almost twenty-one years of age and represented to the defendant that he was married and was over twenty-one years of age at the time of making the contract. There was stamped on the bottom of the contract: "This is to certify that I am over twenty-one years of age at the time of making this contract," which was signed by the plaintiff. On the next day the plaintiff returned and signed a contract with the Carter Acceptance Company, which contained the following clause: "For the purpose of securing credit on my obligation set out on reverse side hereof, given per statement herein, for a new Ford roadster, delivery and receipt of which is hereby acknowledged, I make the following representations: name of my employer: F. D. Pruitt, address: 315 Church street. I have been in present position —— years, age: twenty-one, married: no. My combined salary and net income last year was over $1100.40."

The defendant's sales agent testified that the plaintiff looked to be over twenty-one years of age and represented himself to be over that age and married, and that he would not have sold the automobile to him had he known that the plaintiff was under twenty-one years of age. The plaintiff retained the car for more than six months before it was replevined and had used it when occasion required. There is no proof as to what the automobile brought at the foreclosure sale.

The trial court dismissed the suit, to which the plaintiff excepted and appealed in error, and has assigned five errors, which are as follows:

"(1) There is no evidence to sustain the verdict.

"(2) The verdict is contrary to the law of evidence.

"(3) The law of evidence preponderates against the verdict.

"(4) The court erred in overruling motion for a new trial.

"(5) The court erred in overruling motion in arrest of judgment."

The use of the word "verdict" instead of judgment, in the first three assignments, was evidently an oversight as the suit was not tried by a jury.

We cannot consider any of the assignments of error except the first. The second and third assignments of error go to the preponderance of the evidence, and it is well settled that such assignments of error are not good in this court. See Stacy v. Keller, 1 Tenn. App. Rep., 80. The fourth and fifth assignments of error are too general. Simply stating that the court erred in overruling the motion for a new trial, or in arrest of judgment is too general, and will not be considered by this court. However the fifth assignment is not well taken for other reasons. Motions in arrest of judgment must be based on grounds of error appearing on the face of the record, and should come from the defendant, except in cases of set-off and counterclaim. If the pleas of the defendant be insufficient in jury cases, and the verdict of the jury is against the plaintiff, the remedy of the plaintiff is not in arrest, but should be raised on motion for a judgment notwithstanding the verdict. See Elbinger Shoe Co. v. Thomas, 1 Tenn. App. Rep., 161.

It is insisted by the first assignment of error that the proof shows that the plaintiff was a minor when he purchased this automobile and that he is entitled to recover the amount of the purchase money paid. It is strenuously insisted that the misrepresentation of his age by a minor does not estop him to recover the amount of purchase money paid.

After a careful examination of the record and the authorities, we are of the opinion that this assignment should also be overruled. There is considerable authority that an infant is not liable in tort for deceit in misrepresenting his age, but the sounder view, however, is that he is liable. There is no valid reason why he should not be liable for false and fraudulent representations as fully as for other torts. He is liable for the deceit and not on the contract. See Williston on Contracts, sec. 245.

"It is generally held, that, if the infant has arrived at years of discretion, his fraudulent conduct, which has been intentional or willful, on which the other party to the transaction has in

good faith relied, and which has worked detriment to such party, may estop him from avoiding or disaffirming his civil acts or transactions." See 31 C. J., 1006, secs. 34 and 35.

"If a minor, having such discretion and intelligence as to enable him to apprehend the import and effect of his conduct in reference to his rights, stand by when a slave to which he has title, and of which he is informed, is offered for sale by one having no title, and thus encourage the sale, whereby the vendee is induced to purchase, under the impression that he acquires a good title, the infant so acting, upon his arriving at full age, cannot dispute the vendee's title, either in a court of equity or law; for the case is one of actual, positive fraud, and the infancy of the party will constitute no excuse for the deception." See Barham v. Turbeville, 1 Swan, 437, 57 Am. Dec. 782.

Estoppel in pais has been applied to infants in other cases by our Supreme Court. See Adams v. Fite, 3 Bax., 69; Galbraith v. Lunsford, 87 Tenn., 103, 9 S. W., 365; 2 Kent's Commentaries, 240-241; Covington v. McMurray, 4 Hig., 378.

An action for money had and received, although brought at law is in itself a substitute for a suit in equity, and the defendant may rely upon any defense which shows that the plaintiff in equity and good conscience is not entitled to recover in whole or in part. See Myers v. Hurley Motor Co., 273 U. S. Rep., 18; 71 L. ed., 515. The Supreme Court of the United States, while holding that the established Federal rule is that an infant is not, by his misrepresentation of his age, estopped to deny the validity of the contract, stated that possibly the weight of authority was to the contrary; and held that the defendant in such suit may set up any defense which showed that the plaintiff was not entitled to recover in whole or in part.

We think the rule in Tennessee is that it takes more than mere silence or passive acquiescence on the part of the infant to estop him, (see opinion by Presiding Judge Faw in case of C. E. Pennington v. Purity Co., Jefferson Equity, at Knoxville, 1923), but where he makes willful and fraudulent representations as to his age, and is guilty of actual and positive fraud, upon which the defendant in good faith relied to his injury, then he should be estopped. See Barham v. Turbeville, supra.

It results that all the assignments of error must be overruled, and the judgment of the lower court is affirmed. The cost of the cause is adjudged against the plaintiff in error, for which execution may issue.

Faw, P. J., and DeWitt, J., concur.