## DICK MURPHY, Inc., et al. v. HOLCER.

### No. 5315.

Court of Appeals of the District of Columbia.

Argued Feb. 3, 1932.

Decided Feb. 29, 1932.

W. B. Guy and F. B. Warder, both of Washington, D. C., for plaintiff in error.

Harry A. Grant and Clifford P. Grant, both of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

MARTIN, Chief Justice.

This case relates to a sale of an automobile by a dealer to an infant. The action was brought in the municipal court by the infant, by next friend, to recover the consideration passing from him to the vendor in the transaction. In this opinion the infant will be called "plaintiff," and the vendor "defendant."

The case was tried below by the court, sitting also as jury, and judgment was rendered for the plaintiff. The record is before us for review.

It appears that on September 19, 1929, plaintiff was a minor of the age of 20 years. On that day, representing himself to be of full age, he entered into a written contract with defendant for the purchase of a certain Buick automobile at the agreed price of $631. In accordance with the stipulations of the contract plaintiff transferred a certain Ford car to defendant as part payment upon the purchase price, and received therefor a net credit of $292 thereon. The balance of the purchase price was to be paid in installments, of which plaintiff paid only the first, to wit, $28 on October 9, 1929. The Buick car was delivered to plaintiff upon the execution of the contract, and was used by him in his employment as an insurance solicitor and collector. After using the car for about a month plaintiff became dissatisfied with it, and undertook to rescind the sale upon the ground of his infancy when made, and recover from defendant the sum of $292 as the value of the Ford car delivered to defendant under the contract.

It appears, however, that the Buick car had been damaged while in the possession of plaintiff, the water jacket of the motor had been allowed to freeze and had cracked, and other injuries were claimed by defendant. The testimony differed widely as to the exact extent of the damages, but it is apparent

that they were substantial. The plaintiff undertook to tender the Buick car back to defendant but failed and refused to make any allowance for these damages, and the lower court took no account of them when rendering judgment, the judgment being for $292, the full sum demanded by plaintiff.

We think this was error. The case is clearly governed by the rules enunciated in Myers v. Hurley Motor Co., 273 U. S. 18, 47 S. Ct. 277, 278, 71 L. Ed. 515, 50 A. L. R. 1181. In that case an infant, representing himself as of age, bought and obtained possession of an automobile, upon conditional sale, but paid only part of the price. The vendor took back the car. An action was brought by the vendee, who disaffirmed the contract upon reaching his majority, and the following questions were certified to the Supreme Court by this court, in which the case was pending upon appeal:

"1. Is the plaintiff, by reason of the misrepresentations as to his correct age, estopped from maintaining an action to recover the amount paid under the conditional sales contract upon the purchase price of the Hudson car?" The court answered "No" to this question.

"2. If the plaintiff is not so estopped, may defendant, by way of affirmative defense against plaintiff's claim, set off the amount paid for the repair of the damaged Hudson car, or so much thereof as will equal plaintiff's claim?" The court answered "Yes" to this question.

Mr. Justice Sutherland, speaking for the court, said:

"It has been held that, where an infant, after coming of age, seeks the aid of a court of equity to avoid a contract, under which he has received property, and restore to him the possession of obligations with which he has parted, he will be required, wholly irrespective of his own good faith in the transaction, to do equity, which may extend to compelling him to make full satisfaction for the deterioration of the property due to his use or abuse of it. * * *

"How far the equitable maxim, that he who seeks equity must do equity, applies generally in suits brought for relief because of infancy, we need not inquire; nor do we need here to go as far as the authorities just cited. The maxim applies, at least, where there has been, as there was here, actual fraud on the part of the infant. When an infant of mature appearance, by false and fraudulent representations as to his age, has induced another person to sell and deliver property to him, it is against natural justice to permit the infant to recover money paid for the property without first compelling him to account for the injury which his deceit has inflicted upon the other person."

In our opinion, therefore, the judgment of the municipal court is erroneous. It is accordingly reversed, with costs, and the cause is remanded for further proceedings not inconsistent herewith.