## HEWITT v KLEIN, a minor, et, Etc

Ohio Appeals, 1st Dist, Hamilton Co

No 4384.   Decided Nov 20, 1933

Gatch, McLaughlin & Gatch, Cincinnati, for plaintiff in error.

Samuel A. Rubenstein, Cincinnati, for defendants in error.

## OPINION

By HAMILTON, PJ.

The right of the minors to rescind the contract is not denied, and that right is well established by law. The case of Mestetezko v Elf Motor Co., 119 Oh St, 575, is authority for the right to counterclaim for damages under certain circumstances. In the Mestetezko case, the Supreme Court of Ohio, in the opinion of Chief Justice Marshall, cites the rule pronounced in the case of Myers v Hurley Motor Co., 273 U. S., 18, as authority for the right to counterclaim. The decision in that case, however, only goes to the extent of holding that a vendor may, in a proceeding by an infant after attaining his majority to disaffirm his contract for the purchase of an automobile made under a fraudulent misrepresentation as to his age, be allowed to set off a claim for injury done to the car by the infant's tortious acts to the extent of the infant's claim. The element of misrepresentation also enters into the Metetzko case, but we have no question of that kind in this case. There was no evidence of any misrepresentation as to age disclosed by the bill of particulars.

There are cases holding that the seller may counterclaim for wear and tear in excess of ordinary wear and tear during the occupancy of the premises.

There are cases holding that the reasonable rental value of the premises may be counterclaimed, where the occupancy of the property is a necessity. None of these elements are present in the case before us. There is no showing and no defense made that the occupancy was a matter of necessity to the minors. The evidence, as disclosed by the testimony of the defendant, was that when the minors surrendered the property they left it in better condition than it was when they entered upon possession.

As heretofore stated, there was no evidence of misrepresentation as to age, and, therefore, no fraud intervened.

In such cases as the one under consideration, we gather from the authorities the law of Ohio to be that the money paid upon a contract by a minor may, upon its disaffirmance by him, be recovered in an action therefor, subject, however, to a counterclaim by the seller for rent, if the occupancy of the property was a necessity, for wear and tear in excess of ordinary wear and tear, and if misrepresentation by the minor of his age results in damage the minor would be required to do equity for the damages suffered to the extent of the amount of his claim.

It is clear from the record that none of these conditions are present in the case under consideration, and there being no valid counterclaim, the Court of Common Pleas was correct in reversing the judgment of the Municipal Court and entering judgment for the plaintiff minors for the amount of the money paid by them for rent under the contract.

The judgment of the Court of Common Pleas is affirmed.

CUSHING and ROSS, JJ, concur.