**MARKS v. UNITED STATES.**
District Court, S. D. New York.

March 31, 1937.

Melvyn Gordon Lowenstein and Smyth & Smyth, Jr., all of New York City (Herbert C. Smyth, of New York City, of counsel), for plaintiff.

Lamar Hardy, U. S. Atty., of New York City (Clarence W. Roberts, of New York City, of counsel), for the United States.

MANDELBAUM, District Judge.

This suit was instituted to recover $9,248.41 with interest, an alleged overpayment of plaintiff's income tax for the year 1929. This constitutes plaintiff's first cause of action (a second cause of action pleaded in this complaint was withdrawn during trial).

The evidence together with the exhibits revealed the following: The plaintiff sold one-fourth of an additional membership in the New York Stock Exchange in 1929 for the sum of $120,000; the cost price was $19,920; the net cash gain on the transaction therefore being $100,080. The plaintiff reported this transaction in his return for 1929 as a closed cash transaction and paid the income tax thereon. On June 10, 1932, the plaintiff filed a claim for refund alleging as a single ground therefor that the sale of the one-fourth membership was an installment transaction within the provisions of section 44(b) of the Revenue Act 1928 (26 U.S.C.A. § 44 note) upon which he received but $45,000 of the purchase price in 1929 instead of the full purchase price as reported. Subsequently, he filed another claim for refund on May 16, 1933, setting forth in the alternative an additional ground that the balance of $75,000 due on the purchase price had no fair market value in 1929, and for that reason the transaction had been erroneously reported in his return for 1929.

The defendant maintains that there can be no recovery on the first cause of action based upon the claim for a refund filed May 16, 1933, because that was not an amendment of the claim filed June 10, 1932, but a new and original claim against which the statute of limitations had run (Revenue Act 1928, § 322, 26 U.S.C.A. § 322 and note; Treasury Department decision 4265).

The court disagrees with the defendant in this regard and holds that the claim of May 16, 1933, is an amendment of the first claim filed rather than a new and original claim. United States v. Memphis Cotton Oil Co., 288 U.S. 62, 53 S.Ct. 278, 77 L.Ed. 619; United States v. Factors & Finance Co., 288 U.S. 89, 53 S.Ct. 287, 77 L.

Ed. 633; Bemis Bros. Bag Co. v. United States, 289 U.S. 28, 53 S.Ct. 454, 77 L.Ed. 1011, and Andrews v. United States, 17 F. Supp. 980, 373 C.C.H. Par. 9096, decided February 8, 1937, by the Court of Claims.

The defendant further contends as a bar to this action that it was prematurely brought alleging there was no proof of the rejection by the Commissioner of Internal Revenue of the part of the claim to which this suit relates. The court cannot uphold this contention and finds that a formal rejection was unnecessary. A letter dated December 21, 1933, written by the Commissioner to the plaintiff clearly shows, if not directly then by an unmistakable inference, that the instant claim was disallowed except as to the extent of only $76.59, about which there is no dispute.

Further proof offered by the plaintiff, in addition to what has already been indicated, showed that although the sale price of the one-fourth membership in the New York Stock Exchange was $120,000, the purchaser made an initial payment of only $20,000 (and an additional payment of $25,000 thereafter), and agreed to pay the balance in installments as and when convenient to him, in accordance with the terms of a "subordination agreement."

An examination of this agreement shows from its very terms that the plaintiff had no right to enforce the payment of the balance. In fact, this agreement provides for neither an initial payment on the purchase price nor for any payments on the purchase price in installments or otherwise. With regard to this subordination agreement, the plaintiff offered opinion evidence that said agreement had no fair market value in 1929. It would, therefore, appear that the plaintiff reported a capital gain of $100,080 on the transaction, although the total of the cash received by him in 1929 was only $45,000.

The first claim for refund filed by the plaintiff on June 10, 1932, requested that the transaction be treated as one on an installment basis. Thereafter, on May 16, 1933, a claim was submitted by the plaintiff as an amendment to the original one asking that as additional and alternative relief, the Commissioner take notice that the balance due the taxpayer had no fair market value in 1929, and accordingly the profit on the transaction be reduced to $25,080.

However, the court deems it unnecessary to determine whether this subordination agreement had or had not a fair market value in 1929, since the plaintiff has by estoppel precluded himself from treating this transaction as anything else but a closed cash sale.

The 1929 return reported the transaction as a closed cash sale and the plaintiff paid his tax accordingly. This payment was accepted by the Commissioner who in conformity with the rules regulating this type of transaction assessed an additional tax of $70 which was paid by the plaintiff on October 20, 1932.

The plaintiff testified that in 1930 he received the sum of $75,000 (balance of the purchase price of the one-fourth membership seat as evidenced by a promissory note) from one Mortimer W. Loewi, the assignee of the subordination agreement. This sum was not reported in the plaintiff's income tax return for 1930, which showed that he suffered a net loss of $106,917.64.

The plaintiff, in attempting to explain his failure to report the receipt of this money, testified in substance that upon receiving payment, he entered into a verbal agreement with Loewi to re-loan all or any part of that amount. The court is not impressed with the plaintiff's explanation and hence can give this portion of his testimony no credence.

The defendant very aptly points out that "* * * to permit the plaintiff to change his treatment of the transaction would be to throw this $75,000.00 item of income into the year 1930 and thereby enable him to evade all tax liability thereon because his 1930 return shows he suffered a net loss of $106,917.64. A change by a taxpayer in the treatment of a transaction which would enable him to escape its liability would be 'grossly inequitable' and never permitted."

The court feels that, under the circumstances, an election on the part of the plaintiff had been made to treat this transaction as a closed cash sale and he is consequently estopped from asserting rights which are inconsistent with the position heretofore taken by him. R. H. Stearns Co. v. United States, 291 U.S. 54, 61, 54 S.Ct. 325, 328, 78 L.Ed. 647; Ralston Purina Co. v. United States (Ct.Cl.) 58 F.(2d) 1065, certiorari denied 289 U.S. 732, 53 S.Ct. 594, 77 L.Ed. 1481; Naumkeag Steam Cotton Co. v. United States (Ct.Cl.) 2 F.Supp. 126, 135, certiorari denied 289 U.S. 749, 53 S.Ct.

694, 77 L.Ed. 1495; Alameda Investment Co. v. McLaughlin (C.C.A.) 33 F.(2d) 120; Rose v. Grant (C.C.A.) 39 F.(2d) 340, 341.

An action to recover an alleged overpayment of income taxes is governed by equitable principles. In Howbert v. Norris (C.C.A.) 72 F.(2d) 753 (rehearing denied November 2, 1934), an action was instituted to recover the amount of the claim as an overpayment of taxes. Judgment was rendered for the plaintiff Norris. The Circuit Court of Appeals, in reversing the judgment said at page 755: "This is an action in assumpsit to recover money had and received. But an assumpsit of this kind is governed by equitable principles. United States v. Jefferson Electric Co., 291 U.S. 386, 54 S.Ct. 443, 78 L.Ed. 859 [and cases cited]. It would be grossly inequitable to permit the payment of the tax on $478.14, representing less than 4 per cent. of the enjoyed profit, allocate the balance to the years 1919 and 1920 where it would be free from liability under the statute of limitation, and by means of recovery herein evade all taxation on it. For that reason, such a shift cannot be made. Commissioner v. Moore (C.C.A.) 48 F.(2d) 526." To the same effect: Myers v. Hurley Motor Co., 273 U.S. 18, 24, 47 S.Ct. 277, 278, 71 L.Ed. 515, 50 A.L.R. 1181; New York Life Insurance Co. v. Anderson (C.C.A.) 263 F. 527.

For the foregoing reasons the complaint is dismissed and judgment rendered in favor of the defendant.