JOSEPH CORREY *vs.* THOMAS MICHAELOVITCH.

APRIL 29, 1925.

PRESENT: Sweetland, C. J., Stearns, and Sweeney, JJ.

SWEENEY, J. This is an action of the case in assumpsit and is before this court on the defendant's exceptions. Two of the exceptions claimed are that the trial justice of the Superior Court erred in denying the defendant's motion for

a new trial on the grounds that the verdict of the jury was against the law and the weight of the evidence.

The action is brought to recover money paid by the plaintiff while a minor to the defendant on account of the purchase price of an automobile. The defendant pleaded that the plaintiff was not a minor at the time he purchased the automobile, and that it was a necessity for the plaintiff.

February 5, 1923, plaintiff signed a conditional bill of sale purchasing a used automobile from the defendant for $550, paid $175 on account, signed nine serial notes for the balance due and received the automobile. He paid two of the notes when they became due. May 3, 1923, plaintiff returned the automobile to the defendant and gave him written notice that he rescinded the contract because he was under age at the time he purchased the automobile, and demanded the return of the money paid.

The plaintiff testified that he was born in the town of Maria Gomes, Cape Verde Islands, May 22, 1902, and that he came to this country in July, 1917. It therefore appeared that he was about three and one-half months under age when he purchased the automobile. The bill of sale signed by the plaintiff contained a printed clause stating that he was "over twenty-one years of age" and the defendant testified that the plaintiff told him that he was over twenty-one. The plaintiff denied that he made such a statement and testified that he did not read the bill of sale and that he told the defendant that he was not of age.

The defendant contends that as the only testimony to prove the date of birth of the plaintiff is his own statement, it is hearsay and not worthy of credence; that the testimony as to the age of the plaintiff should be clear and satisfactory and that, when his testimony is taken in connection with the other facts and circumstances in the case, the preponderance of the testimony is against the claim of the plaintiff.

The rule is well established that a witness may testify to his own age. *Mayor, etc. Baltimore* v. *State*, 126 A. 130; *Creer* v. *Active Auto. Exch. Inc.*, 121 A. 888; 22 C. J. 171.

The right of a minor to disaffirm an executed contract, which is not for necessaries, and to recover the consideration moving from him, was upheld in *McGuckian* v. *Carpenter*, 43 R. I. 94. It has been held that because the plaintiff on the one side and the contradicting defendant on the other side are the only witnesses it does not follow that there is no preponderance of evidence on either side. *Kelley* v. *Brennan*, 18 R. I. 41. The weight to be given to such testimony is for the jury and is to be considered with the other facts and circumstances in evidence in the case. The issues in this case were submitted to the jury and their verdict has been approved by the trial justice. After duly considering the testimony we can not say that his decision denying the motion for a new trial was erroneous and, therefore, the exceptions thereto are overruled.

Exception is claimed to that portion of the charge relating to the age of the plaintiff in which the trial justice said: "Whether appearances may or may not lead you to believe that he may have been taken for a man of twenty-one is immaterial." This is a correct statement of the law applicable to the case and there is no merit in the exception.

Two other exceptions are to the refusal of the trial justice to permit the defendant's attorney to ask the plaintiff certain questions. The questions related to irrelevant matters and were properly excluded.

All of the defendant's exceptions are overruled and the case is remitted to the Superior Court with direction to enter judgment for the plaintiff upon the verdict.

*Robinson & Robinson*, for plaintiff.
*George F. Troy*, for defendant.