204 So.2d 903 (1967)
Michael I. ROSE, Appellant,
v.
SHEEHAN BUICK, INC., a Delaware Corporation, Appellee.
No. 67-166.
District Court of Appeal of Florida. Third District.
December 5, 1967.
Rehearing Denied January 9, 1968.
*904 James F. Pollack, Miami, for appellant.
Stamey, Kravitz & Dudley, Hialeah, for appellee.
Before PEARSON, BARKDULL and SWANN, JJ.
BARKDULL, Judge.
The appellant seeks review of an adverse final decree in an action seeking a rescission or disaffirmance of a contract.
The record reveals that on or about August 11, 1965, the appellee sold a 1965 Buick Riviera to the appellant for a cash sales price of $5,176.87. At the time of the sale, the appellant was a minor. On March 1, 1966, while still a minor under the age of 21 years, the appellant elected to disaffirm the purchase and notified the appellee of his intention, offering to return the vehicle upon a refund of the purchase price in full. The appellee refused to accept the return of the vehicle or to refund the purchase price thereof, so the appellant [who reached the age of 21 years on April 11, 1966] brought the instant action seeking invalidation of the contract and refund of the purchase price in full. The appellee answered admitting the sale and value of the vehicle, but denying the appellant had ever disaffirmed the contract while still a minor. The answer further alleged the vehicle was purchased as a necessity for the minor appellant; that the appellant was estopped from avoiding the purchase because his demands for rescission were in excess of that to which he was entitled, and that the appellee was entitled to deterioration in the event of disaffirmance by the appellant. After hearing the cause, the court entered the final decree appealed herein, in words and figures as follows:
* * * * * *
"THIS CAUSE coming on to be heard on final hearing, and the Court having heard the testimony of the parties and their witnesses and been advised in the premises,
"FINDS: The Plaintiff, at age twenty, gave all the appearance of being of legal age. He acted and negotiated for the purchase of the car as an experienced adult. He traded, as part of the purchase price of the new car, his personal car titled in his father's name. His mother advanced part of the cash purchase price. Both his mother and father ratified and confirmed the sale. The car has been used by the Plaintiff since August 11, 1965, to carry on his school, business and social activities. The car is a necessity for this Plaintiff. The attempted disaffirmance of the sale by the Plaintiff was made for trivial claimed defects in the car. If the disaffirmance were to be allowed, the Defendant would be entitled to an allowance or set-off for the use and depreciation of the car while in the possession of the Plaintiff. However, equity and good conscience will not allow a rescission or disaffirmance of this contract by the Plaintiff. It is, therefore,
"ORDERED, ADJUDGED AND DECREED that final judgment be and is hereby entered in favor of the Defendant, and this cause be finally dismissed at the cost of the Plaintiff."
* * * * * *
The appellant has preserved five points for review on this appeal. First, that the chancellor committed error in preventing a disaffirmance by the plaintiff because he looked or acted like he was not a minor. We find this point to be well-taken. At no time did the plaintiff hold himself out to be an adult, and the agents of the defendant *905 never requested his age of him. The mere fact that he might have had the appearance of a person over twenty-one years of age could not constitute misrepresentation. See: Correy v. Michaelovitch, 46 R.I. 387, 128 A. 673, 39 A.L.R. 374; 27 Am.Jur., Infants, § 72.
The second point contends that the chancellor erred in finding that the vehicle was a necessity for the plaintiff. This was a finding of fact, amply supported by the record [Lamb v. Dade County, Fla.App. 1964, 159 So.2d 477; Cruger v. Allstate Insurance Company, Fla.App. 1964, 162 So.2d 690] and, therefore, this court will not disturb the decree on this basis.
The third point is that the chancellor erred in finding that the parents ratified the transaction. This finding might be supported by the evidence, but we find that the theory of parents being liable for the necessities of their children is not applicable because there is no relief sought against the parents in the instant cause and they are not parties thereto. See: Reynolds v. Garber-Buick Co., 183 Mich. 157, 149 N.W. 985, L.R.A. 1915C, 362.
The appellant also urges that the chancellor erred in holding that even if the plaintiff were entitled to rescission or disaffirmance, the defendant would be entitled to depreciation or depletion in value as of the date of the disaffirmance. This is an equity court and one who seeks equity must do equity. Taylor v. Rawlins, 90 Fla. 621, 106 So. 424; Boston and Florida Atlantic Coast Land Co. v. Alford, 150 Fla. 296, 8 So.2d 483; Compare Myers v. Hurley Motor Company, Inc., 273 U.S. 18, 47 S.Ct. 277, 71 L.Ed. 515. We concur with the chancellor's decision and, in the event the plaintiff were permitted to disaffirm the agreement, we hold that the defendant would be entitled to take into account depreciation on the returned chattel as of the date of the election to disaffirm.
The last point urged by the appellant as error was a finding by the chancellor that the attempt to disaffirm was occasioned by "trivial" matters. In this we might agree with the appellant if it were not for the above comments on the points as urged. If he had a right to disaffirm, whatever motivated the activation of this right should not prevent a party from availing himself of the rights accorded him under the applicable principles of law. Putnal v. Walker, 61 Fla. 720, 55 So. 844, 36 L.R.A., N.S., 33; 17 Fla.Jur., Infants, § 19; 27 Am.Jur., Infants, § 12.
Therefore, although we may not agree with the chancellor's final decree in its entirety, we find it amply supported under several of the findings set forth therein and, therefore, same will be affirmed. Berkman v. Miami National Bank, Fla. App. 1962, 143 So.2d 535; Crudele v. Cook, Fla.App. 1964, 165 So.2d 424; 2 Fla.Jur., Appeals, § 297.
Affirmed.