SPECTOR, Judge.
Defendant automobile dealer seeks review of a final order entered by the trial court in an action for recision of a contract whereunder appellee purchased a motor vehicle from said defendant.
The complaint for recision alleged that at the time of the purchase the plaintiff was not yet twenty-one years of age, and that he had advised the defendant at the time of the purchase that he was under twenty-one years of age; further, the complaint alleges that while still a minor, plaintiff disaffirmed the contract, tendering the vehicle in return, but the defendant refused to accept it. Shortly thereafter and while he was still under twenty-one years of age, plaintiff, through his attorneys, made demand on defendant for return of his money and the Honda motorcycle which he had traded in as part of the purchase price.
By his answer, defendant contended that the plaintiff had falsely stated his age to be twenty-one years at the time of the purchase and that such statement was falsely made and had the effect of inducing defendant to enter into the transaction sought to be rescinded. Additionally, defendant’s answer contends that the vehicle purchased by the plaintiff was a necessary; and, therefore, the contract for its purchase did not fall within the rule under which a minor may avoid his contracts on the grounds of such minority.
After final hearing and the taking of evidence, the trial court expressly found as a matter of fact that the plaintiff had not misstated his age to the defendant at the time of the purchase, but rather that plaintiff had advised the defendant of his correct age and entered the judgment appealed in favor of the plaintiff.
We have reviewed the evidence considered by the trial judge and find that it amply sustains his finding of fact respecting plaintiff’s age as well as the holding inherent in the judgment that the vehicle was not a necessary as to this plaintiff inasmuch as at the time he possessed other means of transportation.
It is contended by appellant that this case is controlled by the principles enunciated in Rose v. Sheehan Buick, Inc., 204 So.2d 903 (Fla.App.3d, 1967). However, the case sub judice is clearly distinguishable from Rose, supra, for the reason that the trial court there found that the vendor had been led into believing that the purchaser was of legal age; and, further, that the car was a necessary for that purchaser. The opposite factual conclusions were reached in the case at bar.
The other points raised by appellant have been considered, and we find them to be without substantial merit.
Our consideration of the record, briefs, and oral arguments in this case fails to show that the court below committed reversible error in entering the judgment appealed and the same is therefore
Affirmed.
RAWLS, Acting C. J., and JOHNSON, J., concur.