## LEIGH v. CAR CIRCUS, Inc. of FLORIDA
### No. 70-2586.
Circuit Court, Broward County.

October 30, 1970.

Mark Silverstein, Miami Beach, for the plaintiff.

Gaylord A. Wood, Jr., Fort Lauderdale, for the defendant.

LAMAR WARREN, Circuit Judge.

*Final judgment:* This cause came on for trial before the court, the parties having entered into a stipulation, the substance of which follows —

That the defendant on December 5, 1969 sold a car to the minor, Stanley Leigh, for a total figure of $344.25, including title fee and tax; that the defendant admits that the purchaser is a minor and is entitled to disaffirm the contract and to obtain a refund of the above sum, provided the minor returns the car either in the same condition as when sold, or that the defendant be permitted to have an independent appraisal made and deduct the depreciation that the car has suffered; that the car was in an accident about December 29, 1969 and no longer exists, having been "shredded" at the Hollywood police dump; that the damages to the car were about $300 while in the possession of the minor; that there was no misrepresentation of age made by the minor when he bought the car, and that defendant is not contending the car was a necessity

for the minor; that there was a tender of return of the car, but it was refused on the condition that the car should be in the same condition as prior to the accident; that no one actually brought the car back to the premises, but it was offered and refused, the defendant saying that there was no point in bringing it back if it was not going to be restored to the condition in which it was, or allow the defendant to take depreciation; that the tender alleged in the defendants' answer of the sum of $344.25 to the plaintiff was made by letter; that defendant's offer to return the money was always conditioned on the plaintiff returning the automobile after it had been repaired and put into the same condition it was when it was purchased.

Upon the above stipulation the court holds that this cause is governed by the case of Putnal v. Walker, 55 So. 845, wherein it was said —

> The right of an infant to avoid his contract is one conferred by law for his protection against his own improvidence and the designs of others; and, though its exercise is not infrequently the occasion of injury to others who have in good faith dealt with him, this is a consequence which they might have avoided by declining to enter into the contract. It is the policy of the law to discourage adults from contracting with infants, and the former cannot complain if, as a consequence of their violation of this rule of conduct, they are injured by the exercise of the right with which the law has purposely invested the latter, nor charge that the infant, in exercising the right, is guilty of fraud. * * *

> It is not necessary, in order to give effect to the disaffirmance of Wilcox's deed to Walker, that Wilcox [a minor] should have returned the consideration received by him, for the evidence shows that Wilcox both disposed of the mule that he received for the land as soon as he received it and wasted the proceeds during his infancy — the rule being that where the infant, upon his arrival of majority, or at the time he seeks disaffirmance, still has the consideration received, or any part thereof, he must, upon his disaffirmance, return it, for the law will not allow him to repudiate his contract and at the same time retain its fruits as his own; but where he has disposed of, lost, or wasted the same during his infancy, his right to disaffirm is in no way dependent upon his making good to the other party what he received, for the privilege of repudiating the contract is accorded to an infant because of the indiscretion incident to his immaturity, and if he were required to restore an equivalent, where he has wasted or squandered the property or consideration received, the privilege of repudiating would be of no avail when most needed.

The rule announced in the above case does not appear to have been changed in this state.

The court has also examined Liberty Mutual Insurance Company v. Conley, Fla., 152 So.2d 521, citing Putnal v. Walker, supra; Rose v. Sheehan Buick, Inc., Fla., 204 So.2d 903, in which there was a finding that the minor's car was a necessity for him; Hartman Auto Sales, Inc. v. Jaye, Fla., 214 So.2d 97; 17 Fla. Jur., *Infants* §17 et seq.; 42 Am. Jur. 2d, *Infants* §104; 12 ALR3d *Infant-Sale-Use or Depreciation*, p. 1178 II §3.

It is therefore ordered and adjudged that the contract entered into be and the same is hereby rescinded and that judgment be and the same is hereby entered in favor of the plaintiff and against the defendant in the sum of $344.25, for which let execution issue, costs to be hereinafter taxed.