PER CURIAM.
This is an appeal from a summary judgment for a third party defendant in an action for a tort growing out of a contract. The appellant, General Aviation Corporation, was sued by the owner of an airplane alleging that General Aviation contracted for the use of that airplane which was subsequently demolished while in General Aviation’s custody. The plaintiff is not a party to this appeal. The appellant filed a third party complaint against Elliott, the appellee, alleging that Elliott, as bailee under a contract for instructional flying, was responsible for the loss of the plane. At the time of the contract, Elliott was a minor, and in this case, he raised as an affirmative defense his disaffirmance of the contract on the basis of his minority. See Sparr v. Florida Southern Ry. Co., 25 Fla. 185, 6 So. 60 (1889) and Hartman Auto Sales, Inc. v. Jaye, Fla.App.1968, 214 So.2d 97.
We agree with the trial court that the pleadings, deposition and affidavit on file affirmatively show that there is no genuine issue of material fact upon the third party claim and that the appellee was entitled to the summary final judgment as a matter of law.
General Aviation suggests (1) that there was a genuine issue of material fact as to whether the minor’s contract was for necessaries, (2) that the evidence showed Elliott’s departure from the purpose of the contract, thereby rendering him liable even though he was a minor and (3) that Elliott was liable for the negligent operation of the aircraft despite his minority. The record does not raise an issue on any of these matters. It appears without genuine issue that the operation of the aircraft was within the scope of the oral bailment, a contract for hire. It further appears with issue of fact that the destruction of the aircraft was caused by the failure of the aircraft engine.
Affirmed.