THE H. L. BRAHAM & COMPANY, INC., Appellant, *v.* LOUISA ZITTEL and Another, Respondents.

Fourth Department, May 13, 1931.

*Martin H. Buecking,* for the appellant.

*Willard H. Ticknor* [*Robert W. McNulty* of counsel], for the respondents.

EDGCOMB, J.   On April 13, 1929, the defendants bought a Nash coach from Robert Schier, an automobile dealer in Blasdell, N. Y., on a conditional sales contract, title to remain in the seller until the purchase price was fully paid.   Plaintiff purchased this contract in the regular course of its business and became the owner of the title to the coach.   Defendants defaulted in the payment of an installment due on the purchase price of the car, and plaintiff repossessed it, and sold it at public auction to the highest bidder for a sum which was insufficient to pay the balance of the purchase price and the expenses connected with the retaking and the resale. This action was brought, pursuant to the provisions of section 80-b of the Personal Property Law (added by Laws of 1922, chap. 642), to recover such deficiency.

Plaintiff recovered a judgment in the City Court of Buffalo against the defendant Louisa Zittel, but was nonsuited as to the defendant Irving Zittel, upon the ground that he was an infant when he bought the car.   Upon appeal, the Supreme Court of Erie county has affirmed the judgment as to Irving Zittel, but reversed it as to Louisa Zittel.

Irving Zittel was twenty years of age when he purchased the car. He had not attained his majority when the action was brought or tried.

It is elementary that an infant may rescind a contract made by him during his minority, unless it be for necessaries furnished him or his family.

While there is no hard and fast rule by which it may be determined just what is and what is not requisite for the reasonable convenience of a minor, and while that question is one which must, of necessity, depend upon the particular facts and circumstances of each case, there is no evidence here from which it can be said that Irving Zittel had any actual need for an automobile.   It does not even appear for what purpose he intended to use it.   He cannot be held upon the theory that he was purchasing an article which was indispensable for him or his family.

Neither can the plaintiff recover against the infant defendant upon the hypothesis that he ratified the contract.   This he has never done. On the contrary, he set up as a defense in his answer the plea of infancy.   This was an election on his part to rescind his agreement. (*Pakas* v. *Racy,* 2 How. Pr. [N. S.] 277, 278.)

Under these circumstances, we think that the contract, as to the infant defendant, was voidable at his option, and that he having elected to rescind the same before he reached his majority, is absolved from all liability thereunder.

A different situation exists as to the defendant Louisa Zittel. She seeks to escape liability solely upon the theory that in reselling this car appellant failed to comply with the provisions of article 4 of the Personal Property Law (added by Laws of 1922, chap. 642), known as the Uniform Conditional Sales Law.

There is no dispute as to the facts. Defendants' default, the repossession of the car by the plaintiff, and the sale at public auction for less than the unpaid balance of the purchase price, are all conceded. We are only concerned upon this appeal with the question of whether the provisions of the statute relating to the resale of a repossessed chattel, purchased under a conditional sales contract, have been complied with. If they have, the Supreme Court was wrong in reversing the judgment against Mrs. Zittel; if such provisions were not followed, then the judgment of the court below must be affirmed.

Section 79 of the act in question relates to a compulsory sale by the seller, and, so far as applicable here, provides as follows: " If the buyer does not redeem the goods within ten days after the seller has retaken possession, and the buyer has paid at least fifty per centum of the purchase price at the time of the retaking the seller shall sell them at public auction in the State where they were at the time of the retaking, such sale to be held not more than thirty days after the retaking. The seller shall give to the buyer not less than ten days' written notice of the sale, either personally or by registered mail, directed to the buyer at his last known place of business or residence. The seller shall also give notice of the sale by at least three notices posted in different public places within the filing district where the goods are to be sold, at least five days before the sale."

When the car was retaken, defendants had paid less than fifty per cent of the purchase price. The purchasers had a right, under section 80 of the Personal Property Law, to require the resale of the car. No such demand being made, plaintiff was not bound to resell the coach. It volunteered to do so, however, and was, therefore, bound to comply with the same requirements which were imposed by the statute in the case of a compulsory resale. (Pers. Prop. Law, § 80.)

Referring again to section 79 of the act, it will be noted that the seller is required not only to serve upon the buyer a notice of sale, either personally or by registered mail, but also to post at least three

such notices in different places within the filing district where the goods are to be sold.

It is conceded that a notice, stating that the car would be sold at a specified time and place, was served upon each of the defendants by registered mail, and that they actually received the same, and that the same notice was posted in three places in Blasdell, Erie county, N. Y. Respondents claim, however, that this notice was not proper in form, and that it was not posted in the proper place.

The purported notice is in the form of a letter addressed to the two defendants. It starts out by stating that default had been made in the payment of an installment due on the purchase of the car, and that, by reason thereof, plaintiff elected to declare the entire unpaid portion of said purchase price due and payable forthwith. Then follows a statement that the original seller had assigned and transferred the conditional sales agreement to the plaintiff. Notice was also given of the amount due on the contract, including the cost of retaking the car. Then in a separate paragraph appears the following: " You will please take notice that unless the amount of $430.10 is sooner paid, said Nash Coach will be sold at public auction at Robert Schier's Garage, Miriam and LaBelle Street, Blasdell, N. Y., on the 30th day of September, 1929, at 10 A. M."

The form of the notice of sale to be given is not prescribed by the statute. There is nothing technical about the word " notice." The term should receive a reasonable interpretation. It does not involve the idea of great formality. (*Higgins* v. *Boston El. Ry.*, 214 Mass. 335, 336.) So long as it is framed and worded in such a manner as to reasonably convey to the purchaser information of the time when and place where the sale will take place, it is sufficient. We think that the notice in question is in no way obscure or misleading, and that it fully conforms to the requirements of the statute. Respondents' criticism that it should be labeled " Notice of Sale," and that it should contain nothing except a reference to the sale, is unavailing. No label is necessary; the part relating to the sale stands out from the rest of the document, and speaks for itself. It is easy to conceive of a case where a notice of sale might be so interwoven with other things in such a manner as to mislead a person reading the same, and cause him to overlook the important part of the document. Undoubtedly such a paper would not comply with the statute. But that is not the case here. Any one who read this notice would get the information which the statute contemplated should be given the buyer.

If at any time before the sale the purchaser should pay the unpaid balance of the purchase price of the car, the seller would

have no reason to go on with the sale, and would have no right so to do. The notice states definitely and positively that, if such payment is not made, the sale will be had at a specified time and place. There is no chance for any one to be misled by the wording of the document, and we find no invalidity in its form or wording.

Neither do we think that the plaintiff failed to conform to the requirements of the statute as to the posting of the notice. This, according to the statute, must be done in three places in the filing district where the chattel is to be sold.

" Filing district " is definied by section 61 of the act as the subdivision of the State in which conditional sales contracts, or copies thereof, are required to be filed. Section 66 relates to the place of filing. Each city and each town in the State constitutes a " filing district." The contract is required to be filed in a ,specified district, viz., the one where the purchaser resides if he lives in the State.

When the car was bought, the defendants resided in Boston, Erie county, N. Y. Mrs. Zittel resided there at the time of the sale. When the car was repossessed, it was taken to the garage of the seller at Blasdell, N. Y., where it was subsequently sold. Blasdell and Boston are in the same county, but in different towns and consequently in different filing districts.

The notices of sale in question were posted in Blasdell, and not in Boston. Respondents insist that this did not comply with the statute; that the notice should have been posted in Boston, the filing district where defendants lived, and where the contract had been filed. But the act prescribes that the notices should be posted in the " filing district " where the chattel is to be sold. There is no requirement that the sale must take place in the town or city where the contract was filed, or where the buyer resides. Chattels are subject to removal from one place to another. That is especially so with an automobile. They must be repossessed where found. It was not intended that they must be brought back to the domicile of the buyer to be sold. All that the statute requires is that they be sold in the State where they were at the time of the retaking.

We have reached the conclusion that appellant has fairly complied with the requirements prescribed for the resale of a repossessed chattel under the statute, and is entitled to recover as against the defendant Louisa Zittel the balance due on the purchase price of the automobile, together with the expenses of retaking, keeping and storing the car, which was found by the trial court to be $336.70, and that the court at Special Term erroneously reversed the judg-

ment of the City Court as to Mrs. Zittel. As to the other defendant, we think the judgment of the court below was correct, and should be affirmed.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and CROSBY, JJ.

Judgment of Special Term reversed on the law as to the defendant Louisa Zittel, and judgment of City Court affirmed as to her, and judgment affirmed as to the defendant Irving Zittel, without costs of this appeal to any party.