## SMITH v NEWARK SHOE COMPANY

Ohio Appeals, 4th Dist, Scioto Co

Decided May 9, 1932

Ralph A. Stevens, for plaintiff in error.
James B. Miller for defendant in error.

The plaintiff in error claims that notwithstanding he misrepresented his age in seeking employment he may recover his deposit because it was part of his contract and because of his infancy he has a right to rescind his contract.

Whether the disaffirmance of an infant's contract is sought in a proceeding in equity or in a case at law it is to be determined by equitable principles. **Mestetzko v Elf Motor Co., 119 Oh St, 575.** The early English authorities applying this principle held that where relief against a contract on the ground of infancy was sought the one so seeking it would be required to do equity by restoring the consideration to the other contracting party. Two notable cases of this character were Hillyer v Bennett and Gray v Lassington, infra. In a masterly review of all of the authorities on contracts of infants Mr. Freeman in a note to Craig v Van Bebber, 18 Am. St. 573, rejects the doctrine of the Hillyer and the Gray case and the principle upon which they rest and he shows that those cases have not been followed by most of the authorities in this country. It was not followed in its

fullness in this state in **Lemmon v Beeman, 45 Oh St 505.** Lately, however, the Supreme Court of the United States in Myers v Hurley Motor Co., 273 U. S. 18, 50 A.L.R. 1181, reiterates the doctrine of Gray v Lessington, 2 Bosw. 257, and Hillyer v Bennett, 3 Edw. Ch. 222, and quotes with approval from those authorities the very principle which Mr. Freeman rejected. The Supreme Court of Ohio has expressly followed the Myers case in Mestetzko v Elf Motor Co., supra. In that case there was no express reference made to the opinion in Lemmon v Beeman, supra, and we take it there was no purpose in the Mestetzko case to depart from the doctrine of the Lemmon case. In the Lemmon case there was no claim that the infant had deceived the other contracting party as to his infancy and it was determined that under those circumstances the infant was not bound to return a stock of goods purchased by him over which he had lost control.

Of course, the facts in the Mestetzko case can be distinguished from the case at bar. The underlying principle, however, is the same. That principle is that an infant who deceives the party with whom he is contracting as to his minority is subject in rescinding the contract to the equitable maxim that he who seeks equity must do equity; that he can not enjoy the benefits of a contract induced by his fraud and then recover the consideration paid by him on the strength of which he obtained those benefits. In such case, says Judge Marshall interpreting the Myers opinion, the court should deal with him as an adult party. Certainly an adult bailee who has deposited a sum with his employer to cover losses of a stock of goods entrusted to such bailee could not recover the deposit without having offset against his recovery the value of · such part of the stock as he failed to account for. That, as we conceive it, is this case.

The judgment of the Court of Common Pleas is affirmed.

MIDDLETON and BLOSSER, JJ, concur.