47 N.J. Super. 207 (1957)
135 A.2d 546
COMMERCIAL CREDIT CORP., A CORPORATION, PLAINTIFF-APPELLANT,
v.
THOMAS H. LAWLEY, T/A LAWLEY MOTOR COMPANY, AND STANLEY FACEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 7, 1957.
Decided October 29, 1957.
*209 Before Judges CLAPP, JAYNE and HUGHES.
Mr. Maurice Y. Cole, Jr., argued the cause for plaintiff-appellant (Messrs. Cole & Cole, attorneys).
Mr. Enoch A. Higbee, Jr., argued the cause for Thomas H. Lawley, defendant-respondent (Mr. Walter S. Jeffries, attorney).
The opinion of the court was delivered by CLAPP, S.J.A.D.
Plaintiff brought this action in the Atlantic County District Court against Thomas H. Lawley, trading as Lawley Motor Company, to recover $1,000 for breach of his contract with it, and against Stanley Facey for the deficiency of $1,000 due under a conditional sales contract. The court by its judgment dismissed the action against Lawley and entered judgment by default against *210 Facey for $1,000. Plaintiff appeals from the judgment insofar as it was entered in favor of Lawley. No appeal is taken with respect to the judgment insofar as it went against Facey.
Under the contract with Lawley, who is an automobile dealer in Atlantic City, plaintiff agreed to purchase certain commercial instruments, including conditional sales contracts covering automobiles; and Lawley agreed that if a conditional vendee defaulted in the purchase of an automobile, he (Lawley) would among other things repurchase the automobile for an amount equal to that owing by the vendee at the time of the default, provided the automobile was tendered to him (Lawley) within 90 days after the default.
After making this contract, and on November 20, 1953, Lawley sold Facey a new 1953 Nash under a conditional sales contract for a total time price of $4,118.50, less a down payment of $1,056, leaving due a time balance of $3,062.50 payable in 30 monthly installments. On the same day, Lawley assigned the contract to the plaintiff, but did not sign the printed form of guaranty attached to the assignment. Facey thereafter defaulted under the contract. However on March 11, 1955 the contract was refinanced, and a new conditional sales contract, initiated by the plaintiff, was entered into between Lawley and Facey covering the same auto, under which a further finance charge of $262.72 was added to the $1,460 due on the old contract, and the total, $1,722.72, the new time price, was made payable over a 24-month period, thus reducing the monthly charges. The contract was marked "Ref" in two places, indicating (to the parties) that it was a refinance agreement. Lawley assigned the refinance contract to the plaintiff.
Facey apparently paid $646.02 on the refinance contract, leaving $1,076.70 due, when he again defaulted. Shortly thereafter plaintiff took possession of the auto in Easton, Pennsylvania, where it had been abandoned, and gave notice that the auto was to be sold in Easton. N.J.S.A. 46:32-25 requires that the sale provided for by the Uniform Conditional *211 Sales Act be had "in the state where [the goods] were at the time of the retaking."
Lawley's entire argument hinges on the fact that the notice of sale, though it states the true balance due under the refinance contract, namely, $1,076.70, is nevertheless nugatory since it seems to turn on a default in the original contract. The notice reads as follows:
 NOTICE OF SALE
 Date 3/20/56
 Balance due $1076.70
 (Not including expenses)
Dear Sir:
TAKE NOTICE that on account of default in the security lien instrument (assigned and transferred to undersigned) described below, the merchandise underlying the instrument has been repossessed and the full outstanding balance shown above is immediately due and payable.
YOU WILL PLEASE TAKE FURTHER NOTICE that unless the said balance due, plus the expense of retaking, keeping and storing said merchandise, be sooner paid, SAME WILL BE SOLD FOR CASH.
 at 10:00 A.M. on the 2nd of April, 1956
 (hour) (day) (month-year)
 at Miller Motor Co. 290 N. Front St. Easton, Pa.
 (Place of Sale)
 COMMERCIAL CREDIT CORPORATION
 By Green and Yanoff, attorneys
 Date of instrument 11 20 53
 (Day Mo. Year)

(1) Conditional Sale
Dealer Lawley Motor Co.
Merchandise 1953 Nash Hardtop R 708164
 (Kind) (Type) (Motor No.) (Serial No.)
$4118.50 $1056 $3062.50 $29 at 102.08 1 at 102.18
Time Selling Down Balance No. and Amt. of
Price Payment due Installments

No question is raised but that this notice was given to Facey and Lawley and was properly posted and published, all pursuant to the statute. At the date stated in the notice, a public sale was held and the car was sold to the plaintiff, the highest bidder, for $100. Within 90 days of Facey's default, the car was taken to Atlantic City and tendered to Lawley by letter, but Lawley refused to repurchase *212 it. Plaintiff then resold it for $150 and instituted this action against Lawley and Facey for the amount it claimed was owing, namely $1,000.
Plaintiff advances three arguments in support of its position. First, it claims that the terms of N.J.S.A. 46:32-25, requiring the conditional vendor to sell the auto at a public sale where the buyer has paid "at least fifty per cent of the purchase price," are to be construed as having reference to the original contract price, not to the price stated in the refinance contract. Under the contrary construction urged by defendant, plaintiff says a finance company would secure an advantage not contemplated by the statute whenever the parties enter into a refinance contract after a large part of the original price has been paid. For under defendant's construction in such a case, if 50% of the price stated in the refinance contract has not been paid, a sale would not be necessary and the finance company could appropriate to itself the auto, as well as the payments made (here they total more than three-quarters of the original price, though less than 50% of the refinance price was paid). It is urged that the statute was designed to prevent such a forfeiture. Cf. Fisk Discount Corp. v. Brooklyn Taxicab Trans. Co., 270 App. Div. 491, 60 N.Y.S.2d 543 (App. Div. 1946), where the original contract was extended, while here it was refinanced; it might perhaps be said however that the cases are not substantially different since the parties here regarded the refinance agreement merely as a projection of the original agreement. Plaintiff argues that if pursuant to its contentions the amount of the vendee's original purchase price ought to determine whether or not a public sale is necessary, then a notice, such as the instant one, cannot be regarded as substantially defective merely because it refers to the original price and to the contract fixing that price.
Second, plaintiff argues that even if the necessity for a public sale depends entirely upon the amount paid on the purchase price stated in the refinance agreement, and even if we assume there was a substantial defect in the *213 notice of sale here, still there was a sale and plaintiff must have acquired title to the car by the purchase it made at the sale. N.J.S.A. 46:32-26, 29. Hence, it is urged, when plaintiff tendered the car to Lawley, it offered him a good title and so had complied with its agreement with him. This, it asserts, renders Lawley liable on his agreement. Lawley counters by saying that he was a guarantor for Facey, but cf. Pacific Finance Corporation v. Burkhart, 56 Ariz. 383, 108 P.2d 380, 383 (Sup. Ct. 1940), and that he was discharged of liability since plaintiff had, by effecting a sale without proper notice, destroyed its right to recover a deficiency judgment from Facey, the principal debtor. Cf. N.J.S.A. 46:32-29. However this disregards the fact that plaintiff has in this very action taken such a judgment against Facey.
The above present somewhat interesting questions, but we need not deal with them. The case can be simply disposed of on the basis of plaintiff's third contention, namely this: even if we assume there should have been no reference in the notice to the original conditional sales contract, nevertheless the fact that such a reference was made does not invalidate the notice.
There is nothing in the statute indicating what must be stated in the notice; it merely provides that there must be a "notice of the sale." N.J.S.A. 46:32-25; cf. Uniform Commercial Code 9-504 (2), and comment, par. 6. The purpose of the notice is to inform prospective bidders of the sale in order to secure a good price for the article to be sold and also to apprise the conditional vendee of it in order to enable him to protect his interests by buying in the article or by working up interest in the sale, or otherwise, as may seem best to him. Diamond T. Motor Car Co. Inc. v. Eucker, 10 N.J. Misc. 814, 824 (Cir. Ct. 1932, Ackerson, S.C.C.); General Motors Acceptance Corporation v. Dickinson, 249 Ky. 422, 60 S.W.2d 967, 968 (Ct. App. 1933). In the notice before us the property is adequately described, Bulldog Concrete Forms Sales Corp. v. Taylor, 195 F.2d 417, 425, 49 A.L.R.2d 1 (7 Cir. *214 1952), and the time and place of the sales are adequately stated. H.L. Braham & Co. v. Zittel, 232 App. Div. 406, 250 N.Y.S. 44 (App. Div. 1931); General Motors Acceptance Corporation v. Dickinson, supra; cf. Beets v. John R. Jarnagian Motor Co., 180 Tenn. 358, 175 S.W.2d 326 (Sup. Ct. 1943). Certainly, so far as prospective bidders are concerned, there was no need to apprise them of the date of the refinancing instrument or to state the amount originally due thereunder; nor do they sustain any prejudice as a result of the fact that the original contract is referred to. Indeed, it may be quite pertinent to state in the notice that this was a car costing $4,118.50 originally.
Was the notice substantially defective so far as Facey and Lawley are concerned? We shall assume that notice must be given Lawley (we have not been provided with a copy of his contract with the plaintiff); however, it is to be observed that N.J.S.A. 46:32-25, in addition to providing for the posting and publishing of notice, speaks only of notice to the buyer. The alleged defect in the notice is that it declares that on account of a default in the original conditional sales contract, the auto had been repossessed and a certain balance was owing  which turns out to be the true balance owing under the refinance agreement. It was erroneous to say that a default had occurred in the earlier contract or that this default gave plaintiff a right to repossess the auto or that as a result of such a default the balance under the refinance agreement was due. But Lawley and Facey, the only parties who might be affected by these errors, could hardly have been misled by them. Both knew that the purchase of the car, as provided for under the original contract, had been refinanced and that the default must exist in the refinance agreement. By this notice then, both of them were sufficiently apprised that the car was to be sold because of a default in paying the purchase price. In essence we have here a plaintiff which holds title to a chattel pursuant to an existing contract, which then gives a notice of the sale of the chattel, referring to the correct balance due under that contract, but which perhaps needlessly *215 goes on to allude in the notice to a prior contract between the parties which the parties know has been refinanced. The notice of sale should not be declared nugatory within the intendment of N.J.S.A. 46:32-25, and Lawley should not be relieved of his contractual obligations, because of such an inconsequential error.
The record does not disclose precisely what amount Lawley owes the plaintiff, and the case will therefore have to be remanded to have the trial court determine that amount and enter judgment therefor in plaintiff's favor in accordance with this opinion.
Reversed, and remanded.