Hillsborough,
No. 5305.

ARTHUR E. PORTER *v.* ROY C. WILSON, JR.

Argued February 2, 1965.
Decided April 30, 1965.

*Arthur E. Porter* (by brief and orally), pro se.

*Griffin, Harrington, Brigham & Taylor* (*Mr. Lindsey R. Brigham* orally), for the defendant.

KENISON, C.J.   A stranger must think it strange that a minor in certain cases may be liable for his torts and responsible for his crimes and yet is not bound by his contracts. *Stearns* v. *Wallace*, 59 N. H. 595; *Smith* v. *Bailey*, 91 N. H. 507; *Cnaeps* v. *Brown*, 101 N. H. 116.  Of course there are exceptions and qualifications to this general proposition.  However, the common-law conception that a minor does not possess the discretion and experience of adults and therefore must be protected from his own contractual follies generally holds sway today.  Selected Essays on Family Law, Part III, *s.* 7 (Ass'n of American Law Schools 1950);   Prosser, Torts, *s.* 128 (3d *ed.* 1964).  "The special protection traditionally accorded the minor by the Anglo-American legal system has resulted in serious inconvenience and uncertainty to all who deal with them."  Note, Statutory Problems in the Law of Minors' Contracts, 48 Colum. L. Rev. 272 (1948).

The right of a minor to disaffirm his contract on reaching his majority is well recognized in this jurisdiction (*Wooldridge* v. *Lavoie*, 79 N. H. 21;   *Stack* v. *Cavanaugh*, 67 N. H. 149) but the rule has not been applied indiscriminately to all contracts under all situations.  Thus in *Hall* v. *Butterfield*, 59 N. H. 354, it was held that the minor was required to pay the value of any benefit derived by him under the contract.  The common-law rule that a minor was liable for necessaries was thus extended to require the minor to make restitution to the extent that he received a benefit under the contract.  "The right to recover for necessaries is given, because the infant has derived a benefit therefrom.  It is upon no other ground.  If the benefit is the foundation of the right, why should it be limited to necessaries?  It cannot be said that the infant, if engaged in trade or business, may not derive a benefit therefrom.  If benefit obtained by the infant is the test in one case, why not make it the test in all cases?  This has been made the test in the case of lunatics and persons *non compos mentis*, and it should be applied in the case of infants.  The true rule is, that the contract of an infant or lunatic, whether executed or executory, cannot be rescinded or avoided without restoring to the other party the consideration received, or allowing him to recover compensation for all the benefit conferred upon the party seeking to avoid the contract." *Hall* v. *Butterfield, supra*, 359.

Admittedly the benefit rule represents a minority doctrine but it has received approval of those who have given the matter

serious consideration. "In some states the ordinary rule prevailing in regard to necessaries has been extended so far as to hold an infant bound by his contracts, where he fails to restore what he has received under them, to the extent of the benefit actually derived by him from what he has received from the other party to the transaction. This seems to offer a flexible rule which will prevent imposition upon the infant and also tend to prevent the infant from imposing to any serious degree upon others." 2 Williston on Contracts (3d *ed.* Jaeger 1959) *s.* 238, *p.* 43. Another commentator has suggested that the New Hampshire doctrine "deserves wider adoption." Madden, Persons and Domestic Relations, 592 (1931). See also, Note, Modern Limitations Upon the Infant's Power to Disaffirm his Contracts, 81 U. Pa. L. Rev. 731, 733 (1933).

The question whether an infant is required to make restitution for the benefit of legal services rendered in his behalf in guardianship proceedings has not been decided in this state. Some early decisions indicate that a minor was not required to make restitution for legal services rendered in the protection of ordinary rights of property. *Phelps* v. *Worcester*, 11 N. H. 51. It was held in *Barker* v. *Hibbard*, 54 N. H. 539, that an infant was liable for reasonable attorney's fees in defending him against a crime or a bastardy charge. Both of these decisions were decided under the common-law concept of what constituted necessaries. As already indicated we have advanced from the concept of necessaries to the concept that an infant is liable to make restitution for the benefit he receives whether or not classed as necessaries. *Hall* v. *Butterfield*, 59 N. H. 354, 359. As was said in *Bartlett* v. *Bailey*, 59 N. H. 408, 409: "Whether an infant is plaintiff or defendant in an action cannot affect his legal rights as to his contracts. In either case, the law affords him ample protection by making the benefit received by him the measure of his legal liability." See also, *McConnell* v. *McConnell*, 75 N. H. 385, 386.

The long and short of the matter is that an infant may disaffirm his contracts but he is liable in an action for restitution for the benefit he has received whether or not the benefit is described as necessaries. Legal services in connection with the guardianship of a minor are clearly a benefit to the minor. The defendant is not liable for what he agreed to pay for legal services or the amount charged him but he is liable in restitution

for the benefit of the legal services he received in such reasonable amount as the Trial Court may determine. 2 Williston on Contracts (3d *ed.* Jaeger 1959), *s.* 238, *p.* 43.

*Remanded.*

BLANDIN, J., did not sit; the others concurred.