HAYDOCY PONTIAC, INC., APPELLANT, *v.* LEE ET AL., APPELLEES.

(No. 9400—Decided September 9, 1969.)

*Mr. Gene W. Thompson,* for appellant.

STRAUSBAUGH, J. This appeal is from a judgment by the Franklin County Municipal Court in favor of the defendant, Jennifer J. Lee, an appellee herein, and against plaintiff, appellant herein.

The plaintiff, in its assignment of error, says that the decision and judgment of the trial court are contrary to law and against the weight of the evidence in that defendant Lee cannot be permitted to disaffirm her obligation to the plaintiff without first tendering the return of the automobile and transferring the certificate of title. We conclude that the judgment should be reversed.

The facts in the case are not in dispute; the defendant Jennifer J. Lee was the only witness at the time of trial.

On August 22, 1967, plaintiff sold to the defendant Jennifer J. Lee a 1964 Plymouth Fury automobile; the cash price of the automobile was $1,552, which was paid by the defendant by a "trade-in" automobile of the value of $150; the balance of the purchase price was financed by the defendant executing and delivering to plaintiff a note and chattel mortgage for the unpaid purchase price plus financing charges and insurance charges; the total face amount of the note was $2,016.36. A certificate of title was issued showing that the defendant was owner of the automobile. A note and chattel mortgage were assigned by the plaintiff to a local bank which has reassigned the same back to the plaintiff.

Immediately following delivery of the automobile to the defendant, the defendant permitted one John L. Roberts to take possession of the car; the defendant never at any time thereafter had possession. John L. Roberts, subsequently, delivered the automobile to Consolidated Holdings, Inc., d. b. a. Motorland Do-It-Yourself, for repairs; neither the plaintiff nor the defendant has been able to obtain possession of it. The defendant failed to make any payments on the note and chattel mortgage. The plaintiff commenced this action to recover possession thereof and as an alternative prayer in the amended petition prayed that judgment be granted in its favor for the sum of $2,016.36, the balance due on the note and chattel mortgage, against each of the defendants.

The whereabouts of Roberts is unknown; Consolidated Holdings, Inc., is in receivership and is insolvent. The defendant filed an answer asserting as an affirmative defense to the action that she was a minor of the age of 20 years at the time of purchase, that she has not ratified the agreement to purchase the car, nor has she ratified the note or the mortgage since attaining the age of majority. It is undisputed that defendant was a minor at the time of entering into the contract and at the time of signing the note and mortgage, that the defendant has never returned the car to the plaintiff, and that at the time of the purchase the defendant represented that she was then 21 years

of age. The Municipal Court found that at the time of the purchase the defendant was a minor, that she had repudiated her contract and that she, therefore, was not bound thereby, and the court entered judgment in favor of the defendant.

Careful examination of the law in Ohio discloses no case wherein the vendor has recovered from an infant who has repudiated his contract. Forty years ago, in *Mestetzko* v. *Elf Motor Co.* (1929), 119 Ohio St. 575, a suit by a minor to rescind a purchase contract upon reaching majority, and to recover back the full amount paid, the Supreme Court held that the vendor may counterclaim as damages, in lieu of the return of the property, the fair value of the property not in excess of the purchase price.

The cases we have examined in this regard all relate to the question whether the infant can recover from the vendor the purchase price paid and the right of the vendor to counterclaim rather than the facts of this case where the vendor, in the original petition, seeks to recover the property or, in lieu thereof, the balance due on the purchase price. Many of the cases use language to the effect that when the property received by the infant is in his possession, or under his control, to permit him to rescind the contract without requiring him to return or offer to return it would be to permit him to use his privilege as a "sword rather than a shield." *Lemmon* v. *Beeman* (1888), 45 Ohio St. 505.

Chief Justice Marshall, in the last paragraph of the *Mestetzko case, supra*, adopted the language of the United States Supreme Court in *Myers* v. *Hurley Motor Co.* (1927), 273 U. S. 18, 71 L. Ed. 515, 47 S. Ct. 277, 50 A. L. R. 1181, that the amount of the vendor's damage could only be allowed in abatement or diminution of the infant's claim, and that the vendor could not in any event recover an affirmative judgment. This language seems to be in conflict with the holding of the court in the fourth paragraph of the syllabus of *Mestetzko, supra*, that "the vendor may counterclaim as damages the fair value of the property not in excess of the purchase price if not restored,

* * *." In Ohio a syllabus is the law of the case establishing principle and doctrine, binding alike on citizens and courts, *Merrick* v. *Ditzler* (1915), 91 Ohio St. 256, 264; *Cassidy* v. *Glossip* (1967), 12 Ohio St. 2d 17, paragraph six of the syllabus. If we assume, as in our case, that the value of the property not restored exceeds the amount paid to the vendor by the minor, the Supreme Court in the fourth paragraph of the syllabus of *Mestetzko, supra*, says that the vendor may collect the difference in his counterclaim. With this statement of law we would agree. Transposing the proceedings of *Mestetzko, supra*, to the facts of our own case, why is it necessary for a vendor, under almost an identical fact pattern, to be forced to wait until the infant sues in order for the vendor to collect upon a counterclaim?

At a time when we see young persons between 18 and 21 years of age demanding and assuming more responsibilities in their daily lives; when we see such persons emancipated, married, and raising families; when we see such persons charged with the responsibility for committing crimes; when we see such persons being sued in tort claims for acts of negligence; when we see such persons subject to military service; when we see such persons engaged in business and acting in almost all other respects as an adult, it seems timely to re-examine the case law pertaining to contractual rights and responsibilities of infants to see if the law as pronounced and applied by the courts should be redefined.

To allow infants to avoid a transaction without being required to restore the consideration received where the infant has used or otherwise disposed of it causes hardship on the other party. We hold that where the consideration received by the infant cannot be returned upon disaffirmance of the contract because it has been disposed of the infant must account for the value of it, not in excess of the purchase price, where the other party is free from any fraud or bad faith and where the contract has been induced by a false representation of the age of the infant. Under this factual situation the infant is estopped from

pleading infancy as a defense where the contract has been induced by a false representation that the infant was of age.

The necessity of returning the consideration as a prerequisite to obtaining equitable relief is still clearer where the infant misrepresents age and perpetrated an actual fraud on the other party. The disaffirmance of an infant's contract is to be determined by equitable principles, whether sought in a proceeding in equity or a case at law. *Smith, a Minor,* v. *Newark Shoe Co.* (1932), 42 Ohio App. 437; *Rush* v. *Grevey* (1951), 90 Ohio App. 536.

The common law has bestowed upon the infant the privilege of disaffirming his contracts in conservation of his rights and interests. Where the infant, 20 years of age, through falsehood and deceit enters into a contract with another who enters therein in honesty and good faith and, thereafter, the infant seeks to disaffirm the contract without tendering back the consideration, no right or interest of the infant exists which needs protection. The privilege given the infant thereupon becomes a weapon of injustice.

The judgment is reversed and the cause is remanded in accordance with this opinion.

*Judgment reversed.*

TROOP and HOLMES, JJ., concur.