654 P.2d 287

Salvador VALENCIA, Plaintiff/Appellee,

v.

A.M. WHITE and Joy White, husband and wife, dba Ambos Nogales Truck & Trailer Repair, Defendants/Appellants.

No. 2 CA–CIV 4235.

Court of Appeals of Arizona, Division 2.

June 8, 1982.

Law Offices of Dennis T. Fenwick, P.C. by Robert Bruce Stirling, II, Nogales, for plaintiff/appellee.

Larson, Soto & Machado by Jose Luis Machado, Nogales, for defendants/appellants.

## OPINION

BIRDSALL, Judge.

The appellee, Valencia, commenced this action in the trial court seeking an injunc-

tion to prohibit the sale of his truck-tractor, upon which the appellant, White, claimed an artisan's lien (A.R.S. § 33–1021 et seq.), and for return of the tractor. He alleged fraud in Count Two of his complaint, and the return of a trailer and damages for loss of use of his tractor resulting from the alleged fraud in Count Three. The trial court dismissed Counts Two and Three at the conclusion of the appellee's evidence, and no cross-appeal has been taken.

The appellants (hereinafter referred to as appellant) filed a counterclaim alleging that the appellee owed $13,783 on open account for repairs to his tractor, trailer and other trucking business vehicles. Counts Two and Three of the counterclaim sought alternative quantum meruit relief and a lien on the tractor.

In his reply to the counterclaim, in addition to denying the open account liability, the appellee asserted that he lacked the capacity to contract because of his minority. Actually, the original complaint filed November 10, 1977, was filed by the appellee's mother as his guardian ad litem and the appellee was substituted as plaintiff sometime after he became 18 on November 20, 1977.

The trial to the court without a jury resulted in the following judgment:

"The above-referenced matter being under advisement, the undersigned now finds and ORDERS as follows:

1. That the Plaintiff was a minor at the time the parties entered into the contract at issue and as such may repudiate the contract if the contract was not for necessities.

2. That the services provided by the Defendant to the Plaintiff minor were performed for the benefit of the Plaintiff's business.

3. That the Plaintiff owned a business but his support was provided by his parents and as such the contract was not entered into for necessities.

4. That the services not being for necessities, the minor may therefore repudiate the contract. The case cited by the Defendant, *Porter v. Wilson,* 106 N.G.

(sic, N.H.) 270, 209 A.2d 730, 12 A.L. R.3d 1247 is the minority view and is not followed in Arizona. *Worman Motor Co. v. Hill,* 54 Ariz. 227[, 94] P.2d [865] (1939).

5. That the law provides the Court must restore the parties as close as possible to the status quo.

6. That the minor will be restored to his original position by the Defendant returning the Seven Thousand One Hundred ($7,100.00) and No/100 Dollars which the Plaintiff paid to the Defendant.

7. The Defendant cannot be fully restored to his original position because the engine upon which he performed services has been damaged by the minor's acts. As a result thereof, the disassembled engine presently in the possession of the Defendant may be retained by the Defendant as a restoration to the status quo.

8. The minor cannot recover for his loss of business since these are contractual remedies which cannot be recovered without the existence of a contract.

9. The contract being disaffirmed, the Defendant cannot recover on his counterclaim.

The Plaintiff is, therefore, awarded judgment against the Defendant in the amount of Seven Thousand One Hundred ($7,100.00) and No/100 Dollars plus taxable costs incurred herein."

We reverse and remand.

The questions presented on appeal are (1) whether a minor who owns and successfully operates a business may disaffirm contracts for necessary expenses of that business and (2) if he may so disaffirm, what are the rights between the parties?

The appellee also contends that the evidence shows that the services performed by the appellant were provided on the credit of the appellee's father. Although we do not agree that the evidence supports such a finding, assuming arguendo that it did, that fact would not be relevant. The appellee relies on the rule that a minor is not liable

for necessaries if they have been furnished on the credit of another person. *Burnand v. Irigoyen,* 30 Cal.2d 861, 186 P.2d 417 (1947). Since we agree with the finding of the trial court that the garage bill was not a necessity, it matters not that the appellant relied on the father's good credit.

Turning now to the issues raised by the appellant, we commence with a factual background. The appellee was a sophomore in high school, 17 years old, when his father established him in the trucking business in 1976 by giving him two truck-tractor semi-trailer rigs. The appellee hired drivers, secured jobs hauling produce and managed the business at a profit, as much as $26,000 in 1978. The appellee was single and lived at home with his parents, although his father left the home in December, 1976. He was furnished his food, clothing, and housing during his minority by his parents (his father continued to support the family although not living in the home).

The appellant owned and operated a garage in Nogales for the repair of motor vehicles, including large trucks and trailers. He serviced and repaired the appellee's equipment from 1976 to July, 1977, when their disagreements commenced. In December, 1976, the appellee brought in one of his trucks with a major engine problem and the appellant agreed to replace its GMC engine with a Cummins to be built by the appellant. The charge for this engine, approximately $10,700, was the major item on the open account. The engine was installed and the truck was delivered to the appellee in May, 1977. He experienced troubles with this truck shortly thereafter and returned it to the appellant. The evidence was in conflict as to whether the new engine, other mechanical defects, or misuse, caused this breakdown. The trial court found that the minor's acts caused the damage to the engine. Since there is evidence to support this finding of fact it is binding on appeal. *K & K Mfg., Inc. v. Union Bank,* 129 Ariz. 7, 628 P.2d 44 (App.1981). Periodic payments by the appellee on the account totaled $7,100, resulting in a balance of about $12,900 owing to the appellant except for the disaffirmance of the contract.

After the commencement of the action the truck and trailer were returned to the appellee, but the appellant retained the damaged engine, which had been disassembled for repair, and the radiator and transmission, which had been removed from the truck in order to determine what was wrong with the engine.

The appellant first argues that the garage bill was a necessity and the appellee cannot disaffirm. We disagree.

The trial court found that the services performed for the appellee by the appellant were not necessities of the minor. Whether contracts of a minor are for necessities is ultimately a question of fact if there is some reasonable basis upon which the goods or services furnished could be considered necessaries. 42 Am.Jur.2d Infants § 68; *Haynie v. Dicus,* 210 Ark. 1092, 199 S.W.2d 954 (1947). Where the contract is for a purpose benefiting the minor's employment or business there is a question to be decided upon the particular facts and circumstances of each case. *See* Annot. 56 A.L.R.3d 1335 § 4, p. 1345; *Bancredit, Inc. v. Bethea,* 65 N.J.Super. 538, 168 A.2d 250 (1961). Although the judgment does not expressly state whether this finding was intended to be one of fact or law, we will consider it to be a finding of fact, and the record supports the finding. Since the appellee was provided board, room, clothing, medical needs and education, it was not necessary that he engage in business. We cannot fault this reasoning. The appellant argues that *Worman Motor Co. v. Hill,* 54 Ariz. 227, 94 P.2d 865, 124 A.L.R. 1363 (1939) contains language supporting his position:

"... The evidence does not show for what purpose the plaintiff used the automobile. It does not even show what his employment was. In the oral argument, as we recall, his business was stated to be that of picking cotton. But, even so, the evidence fails to show the car was necessary for him to go to and from his work, or for what purpose it was being used. For all we know, it may have been used

only as a pleasure car." 54 Ariz. at 236–237, 94 P.2d 865.

These observations of the supreme court follow a quotation from *Braham & Co. v. Zittel,* 232 App.Div. 406, 250 N.Y.S. 44 (1931), which recognizes the rule we have already stated, i.e., whether an item is a necessity for a minor must be determined on the facts of each case, and then states there was no evidence in that case to support the minor's need. The Arizona Supreme Court merely found the same lack of record in *Worman.*

■ The appellant next contends the filing of the complaint ratified the contract. Again we disagree. In the complaint the appellee alleged his minority and alleged that the lien claimed on the tractor "is null and void" because he was a minor and incapable of contracting. In his reply to the counterclaim, he again alleged lack of capacity to contract because of minority. Although the complaint arose out of the contract, the appellee did not seek to enforce the contract or gain any benefits from it.

■ The appellant argues further that claims for attorney fees in each count of the complaint, pursuant to A.R.S. § 12–341.01, constitute a ratification. Since the complaint arises out of the contract these claims may properly be made. *Amphitheater Public Schools v. Eastman,* 117 Ariz. 559, 574 P.2d 47 (1977). Even if the contract is disaffirmed, this is an action arising out of a contract. There has been no ratification.

The appellant's last contention concerns the trial court's attempt to restore the parties to a "status quo" after disaffirmance. He argues that requiring him to return monies paid on the account and refusing to allow him any remuneration for the services performed was error. We agree.

The trial court correctly recognized that the New Hampshire case of *Porter v. Wilson,* 106 N.H. 270, 209 A.2d 730, 13 A.L.R.3d 1247 (1965), adopts a minority view that a minor who disaffirms a contract may be held liable for benefits received even though they are not necessaries and even though the benefits cannot be returned in

kind. The court in *Porter* held that the minor must pay for legal services furnished him in a guardianship matter, and his liability was the reasonable value of such services that were of benefit to him and not the amount he had agreed to pay or that had been charged. The matter was remanded to the trial court to determine that amount, which we understand could still be the same amount charged if the trial court found that was the reasonable value of those services.

The New Hampshire court itself recognized that this "benefit rule" represents a minority view but found that it was a doctrine which has received approval of those who have given the matter serious consideration, citing 2 Williston on Contracts § 238, p. 43 (3d Ed. Jaeger 1959):

"In some states the ordinary rule prevailing in regard to necessaries has been extended so far as to hold an infant bound by his contracts, where he fails to restore what he has received under them to the extent of the benefit actually derived by him from what he has received from the other party to the transaction. This seems to offer a flexible rule which will prevent imposition upon the infant and also tend to prevent the infant from imposing to any serious degree upon others."

Except for the citation of Williston and a 1933 note at 81 U.Pa.L.Rev. 731, *Porter* relies only upon prior New Hampshire cases. The benefit rule has also been followed in Minnesota. *Berglund v. American Multigraph Sales Co.,* 135 Minn. 67, 160 N.W. 191 (1916); *Kelly v. Furlong,* 194 Minn. 465, 261 N.W. 460 (1935). Both of these Minnesota decisions are cited with approval in *Worman Motor Co. v. Hill, supra.* The trial court concluded that *Worman* followed the majority rule that the minor must account only for property that he still has in his possession and notwithstanding that he has wasted, consumed or destroyed it, he can recover what he has paid. *See Whitman v. Allen,* 123 Me. 1, 121 A. 160, 36 A.L.R. 776 (1923). We understand *Worman* to have adopted instead the

minority rule and aligned Arizona with Minnesota and New Hampshire. In *Worman* the minor traded his Plymouth for a Ford and financed the balance. The trade-in allowance of the Plymouth was $275. The minor then sold his equity in the Ford for $45, with the purchaser assuming the minor's financing obligation. The trial court gave the minor judgment for $275 when he disaffirmed the transaction. (The Plymouth had been sold by Worman.) The supreme court reduced the judgment by $45, the amount received by the minor. The *Worman* trial court had used the majority rule—since the minor no longer had the Ford he was not required to account for it and was entitled to the value of his Plymouth which the dealer could not return. However, the supreme court found he had benefited by $45 which, upon disaffirmance, he should not be entitled to keep.

▮ If there is any doubt that Arizona adopted the then minority rule and we are thus deciding a case of first impression, we would be persuaded that the rule which requires a minor to account for the benefit he has received is much the better rule. The Court of Appeals of Ohio has observed that:

> "At a time when we see young persons between 18 and 21 years of age demanding and assuming more responsibilities in their daily lives; when we see such persons emancipated, married, and raising families; when we see such persons charged with the responsibility for committing crimes; when we see such persons being sued in tort claims for acts of negligence; when we see such persons subject to military service; when we see such persons engaged in business and acting in almost all other respects as an adult, it seems timely to re-examine the case law pertaining to contractual rights and responsibilities of infants to see if the law as pronounced and applied by the courts should be redefined." *Haydocy Pontiac, Inc. v. Lee,* 19 Ohio App.2d 217, 250 N.E.2d 898, 900 (1969).

Other state courts have adopted the Minnesota rule in varying degrees. *See Pankas v. Bell,* 413 Pa. 494, 198 A.2d 312, 17 A.L.R.3d 855 (1964) (minor enjoined from violating covenant not to compete); *Scalone v. Talley Motors, Inc.,* 3 App.Div.2d 674, 158 N.Y.S.2d 615 (1957) (minor held liable for depreciation of the property in his possession); *Sacco v. Schallus,* 11 N.J.Super. 197, 78 A.2d 143 (1950) (minor required to make an accounting in a partnership dissolution); *See Also* Annot. 12 A.L.R.3d 1174. Under the trial court's judgment in the instant case the appellant is not only precluded from recovering for parts and labor furnished the appellee in his going, successful business, he is required to repay monies paid to him on account of those services. In return he is only permitted to retain a disassembled engine that was damaged by the appellee's acts.

No evidence suggests that the appellant took advantage of the appellee because of his age, lack of experience or judgment. Likewise no evidence suggests that the contract was disadvantageous to the appellee. Absent such evidence, the rule adopted in *Worman* must be properly applied.

In order to properly apply the rule in this case the trial court should have determined what benefits, if any, the minor actually received from the entire transaction. The only evidence presented in this regard is that the reasonable value of the parts and labor, including the Cummins engine, was $19,998.76. The parts and labor furnished the minor by the appellant were of benefit to him in that amount. The repair of the minor's business vehicles enabled him to successfully operate his trucking business. In addition to showing the profits from that business the evidence shows he purchased a pickup truck and a dragster from those profits. Obviously the parts and labor cannot be returned in kind to the appellant. Likewise the Cummins engine, having been damaged by acts attributable to the minor, cannot be returned in anywhere near the same condition as when it was acquired from the appellant. *See* 42 Am.Jur.2d Infants § 104, p. 103; Dobbs, *Remedies* § 13.4; *Berglund v. American Multigraph Sales Co., supra.*

We find that to restore both parties to a status quo, the disassembled engine and the other parts in the possession of the appellant should be returned to the appellee; that the appellee received benefits having a value to him of $19,998.76; that the $7,100 paid by the appellee should be credited against the value of the benefits, leaving a balance of $12,898.71 which the appellee must pay to the appellant.

We reverse and remand with directions to enter judgment in favor of the appellants and against the appellee, in that amount and to order the return of the engine and other parts to the appellee.

HOWARD, C.J., and LILLIAN S. FISHER, Superior Court Judge, concur.

*Note:* Judge JAMES D. HATHAWAY having recused himself in this matter, Judge LILLIAN S. FISHER was called to sit in his stead and participate in the determination of this decision.