967 F.2d 586
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jimmy John HERNANDEZ, Petitioner-Appellant,
v.
Charles RYAN, Warden, A.S.P.C. Winslow; Attorney General of
the State of Arizona, Respondents-Appellees.
 No. 91-16017.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 26, 1992*
Decided June 3, 1992.
 
 Before FARRIS, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jimmy John Hernandez, an Arizona state prisoner, appeals pro se the district court's dismissal without prejudice of his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction for sale of narcotics. He contends that the district court erred by finding that his claim was unexhausted. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.
 
 
 3
 Hernandez entered an Alford plea to sale of narcotics and was sentenced to seven years imprisonment in December 1989. See North Carolina v. Alford, 400 U.S. 25, 37-39 (1970) (defendant may plead guilty without admitting commission of crime). He appealed to the Arizona Court of Appeals in March 1990, and his attorney filed an Anders brief that raised no issues and asked the court to review the record for error. See Anders v. California, 386 U.S. 738 (1967) (requirements where counsel finds no arguable issues on appeal). The Arizona Court of Appeals affirmed the conviction in June 1990. In October 1990 Hernandez filed in the Arizona Supreme Court a pro se petition for special action claiming that his plea was involuntary. The petition was dismissed on January 2, 1991.
 
 
 4
 In his federal habeas petition Hernandez again claimed that his plea was involuntary. The district court found that Hernandez had not exhausted state remedies because the Arizona Supreme Court's dismissal of his special action petition was not a decision on the merits of Hernandez's claim. The district court dismissed the habeas petition without prejudice to allow Hernandez to file a petition for post-conviction relief in Arizona superior court and exhaust that remedy in the Arizona appellate courts.
 
 
 5
 We review de novo the dismissal of a habeas petition. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). A state prisoner must exhaust all available state remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas relief. 28 U.S.C. § 2254; Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam); Lindquist v. Gardner, 770 F.2d 876, 877 (9th Cir.1985). A prisoner satisfies the exhaustion requirement by presenting all claims to the highest state court with jurisdiction to consider the claims. Picard v. Connor, 404 U.S. 270, 276 (1971). Moreover, exhaustion requires that the claims be fairly presented to provide the highest state court with an opportunity to rule on the merits of the claims. See McQuown v. McCarthy, 795 F.2d 807, 809 (9th Cir.1986). Therefore, the exhaustion requirement is not satisfied if federal claims are presented to the highest state court for the first time in a procedural context in which the merits will be considered only if there are "special and important reasons." Castille v. Peoples, 489 U.S. 346, 351 (1989).
 
 
 6
 In Arizona, a petition for special action is a method for seeking extraordinary judicial relief and is not an adequate substitute for raising the claims on direct appeal or in a petition for post-conviction relief. Ariz.R.Spec. Actions 3; King v. Superior Court, 138 Ariz. 147, 149, 673 P.2d 787, 789 (1983) (en banc). Accordingly, the district court did not err by finding that the Arizona Supreme Court's refusal to accept jurisdiction over Hernandez's special action petition failed to satisfy the exhaustion requirement. See Castille, 489 U.S. at 351.[1]
 
 
 7
 The state contends that the district court should have dismissed Hernandez's habeas petition with prejudice because a state rule of procedure bars Hernandez from raising his involuntary plea claim in a petition for post-conviction relief.
 
 
 8
 If a petitioner once could have raised a federal constitutional claim in state court but did not and is now barred from doing so by a state rule of procedure, then the petitioner has procedurally defaulted on the claim. Tacho v. Martinez, 862 F.2d 1376, 1378 (9th Cir.1988). If he cannot show cause for the procedural default and prejudice from the alleged constitutional violation, then the habeas petition will be dismissed. Murray v. Carrier, 477 U.S. 478, 485 (1986); Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 906-08 (9th Cir.1986).
 
 
 9
 In Arizona, a petition for post-conviction relief is barred if a claim was "knowingly, voluntarily and intelligently not raised at trial, on appeal, or in any previous collateral proceeding." Ariz.R.Crim.P. 32.2(a)(3). The Arizona court "may infer from the petitioner's failure to appeal or to raise an issue on appeal after being advised by the sentencing judge of the necessity that he do so, or his failure to raise any ground then available to him in a previous Rule 32 proceeding in which he was represented by counsel, that he knowingly, voluntarily and intentionally relinquished the right to do so." Ariz.R.Crim.P. 32.2(c).
 
 
 10
 We deny the state's request that we overrule this court's decision in Johnson v. Lewis, 929 F.2d 460 (9th Cir.1991), which held that the right to raise an issue in an Arizona petition for post-conviction relief is not automatically waived where the petitioner was represented by counsel on direct appeal. See id. at 463-64 (relying on permissive language in Rule 32.2(c) that Arizona court "may," but is not required, to infer waiver from failure to raise issue on direct appeal); Guam v. Ibanez, 880 F.2d 108, 112 n. 4 (9th Cir.1989) (three-judge panel does not have authority to reconsider law established in earlier case), cert. denied, 110 S.Ct. 2631 (1990); see also State v. Carriger, 134 Ariz. 142, 146, 692 P.2d 991, 995 (Ariz.) (en banc) (inference of Rule 32.2(c) may be overcome), cert. denied, 471 U.S. 1111 (1984).
 
 
 11
 The state also contends that a petition for post-conviction relief is procedurally barred because the Arizona Supreme Court has announced that it will not entertain petitions for post-conviction relief by petitioners who raise claims that they failed to raise earlier by way of a petition for review of an Arizona Court of Appeals' decision on direct appeal. See State v. Sandon, 161 Ariz. 157, 158, 777 P.2d 220, 221 (1989) (en banc). The state misreads Sandon, which holds that the Arizona Supreme Court will entertain petitions for post-conviction relief only in the circumstances set forth in Ariz.R.Crim.P. 32.1(d), (e), and (g). See id.; see also Jennison, 940 F.2d at 1312 n. 7 (discussing holding of Sandon ). Moreover, Sandon does not prohibit the filing of petitions for post-conviction relief in lower Arizona courts.
 
 
 12
 No Arizona court has concluded that Hernandez knowingly, voluntarily, and intentionally waived his involuntary plea claim and therefore is procedurally barred from raising it in a Rule 32 petition. See Ariz.R.Crim.P. 32.2(a)(3). Accordingly, because state remedies may still be available, we affirm the district court's order dismissing the habeas petition without prejudice. See Johnson, 929 F.2d at 463-64; cf. Tacho, 862 F.2d at 1378 (holding that petitioner had procedurally defaulted on his claims where state trial court had denied a Rule 32 petition because petitioner had failed to raise claims on direct appeal or in two previous Rule 32 petitions).
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Failure to petition the Arizona Supreme Court for review of claims rejected by the Arizona Court of Appeals on direct appeal normally is excused, and the petitioner is considered to have exhausted state remedies, because the Arizona procedures for seeking review have been ill-defined since the Arizona Supreme Court's decision in State v. Shattuck, 140 Ariz. 582, 585, 684 P.2d 154, 157 (1984) (en banc) (purporting to hold that petitioning Arizona Supreme Court for review was not necessary in order to exhaust state remedies for purposes of federal habeas petition). Harmon v. Ryan, No. 91-15139, slip op. 3325, 3334 (9th Cir. March 26, 1992); see Jennison v. Goldsmith, 940 F.2d 1308, 1309-11 (9th Cir.1991) (per curiam) (clarifying that in future Arizona prisoners may not bypass Arizona Supreme Court when exhausting state remedies). Here, however, Hernandez has not shown that he raised his involuntary plea claim on direct appeal to the Arizona Court of Appeals. Accordingly, the former confusion about petitions to the Arizona Supreme Court does not help him. See Hayes, 784 F.2d at 1437